UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOSEPH S. BARONE

                             Plaintiff,

        -against-                                  **12 CV 4103 (LAK)(MHD)**

UNITED STATES OF AMERICA, UNITED STATES
DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF
INVESTIGATIONS, FEDERAL BUREAU OF PRISONS,
SPECIAL AGENTS MICHAEL GAETA, GREGORIO
MICELI, AND MICHAEL TROMBETTA IN THEIR
OFFICIAL CAPACITY AS FBI AGENTS AND IN THEIR
INDIVIDUAL CAPACITY, AUSA MIRIAM ROCAH, AND
BUREAU OF PRISONS (BOP) AND CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT, AND JOHN DOE,
OFFICERS 1-5 UNIDENTIFIED POLICE OFFICERS
EMPLOYED BY THE NEW YORK CITY POLICE
DEPARTMENT, IN THER OFFICIAL CAPACITY AS
POLICE OFFICERS, AND IN THER INDIVDUAL
CAPACITY,

                             Defendants.
------------------------------------------------------------------------x


**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN RESPONSE
TO FEDERAL DEFENDANTS' SUPPLEMNTAL MEMORANDUM OF LAW
PURSUANT TO THE COURT'S JUNE 26, 2014 ORDER AND
IN FURTHER OPPOSITION TO MOTION TO DISIMSS**


HERZFELD & RUBIN, P.C.
125 Broad Street
New York, New York 10004
Tel: (212) 471-8500
Fax: (212) 344-3333

*Attorneys for Plaintiff*
*Joseph S. Barone*

**TABLE OF CONTENTS**

ARGUMENT.................................................................................................................1

    I. The Court Should Apply the "Citizen's Arrest" Standard to Barone's False
       Imprisonment Claim under the FTCA .........................................................1

    II. Barone's FTCA Claims Are Timely .............................................................7

CONCLUSION ............................................................................................................10

i

# TABLE OF AUTHORITIES

**Cases**

*Aguilar v. United States*, 920 F.2d 1475 (9th Cir. 1990)..................................................6

*Colon v. New York*, 60 N.Y.2d 78 (1983)........................................................................8

*Di Mella v. Gray Lines of Boston, Inc.*, 836 F.2d 718 (1st Cir. 1988) ...........................6

*Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004) .................................................................8

*Downs v. Town of Guilderland*, 70 A.D.3d 1228 (3d Dep't 2010) ...................................5

*Indian Towing Co. v. United States*, 350 U.S. 61 (1955) ...............................................3

*Liranzo v. United States*, 690 F.3d 78 (2d Cir. 2012)...............................................4, 5, 6

*Murphy v. Lynn*, 53 F.3d 547 (2d Cir. 1995).....................................................................7

*Olson v. United States*, 546 U.S. 43 (2005)...........................................................*passim*

*Ortiz v. U.S. Border Patrol*, No. 99-2143, 2000
    U.S. App. LEXIS 6664 (10th Cir. Apr. 11, 2000) .....................................................6

*Phillips v. Generations Family Health Ctr.*, 723 F.3d 144 (2d Cir. 2013)...................8, 9

*Tekle v. United States*, 511 F.3d 839 (9th Cir. 2007) .............................................3, 4, 6

*Wallace v. Kato,* 549 U.S. 384, 127 S. Ct. 1091 (2007)...............................................9, 10

*White v. Albany Med. Ctr. Hosp.*, 151 A.D.2d 859 (3d Dep't 1989) ...............................5

**Statutes**

28 U.S.C. § 1346(b)(1) .................................................................................................2, 5

28 U.S.C. § 2401(b)........................................................................................................8, 9

28 U.S.C. § 2674 ............................................................................................................2, 3

28 U.S.C. § 2680(h).............................................................................................................3

28 USCS §§ 2671 et seq......................................................................................................2

42 U.S.C. §1983 ...............................................................................................................10

Plaintiff Joseph S. Barone ("Barone"), through his attorneys Herzfeld & Rubin, P.C., hereby submits this Supplemental Brief in Response to the Federal Defendant's Memorandum of Law Pursuant to the Court's June 26, 2014 Order[1], and in Further Opposition to Defendants' Motions to Dismiss. The Court has asked the parties to address whether this Court should apply the "citizen's arrest" standard to Barone's FTCA claims against the Federal Defendants for false arrest/false imprisonment. As explained below, in light of the Supreme Court's clear directive in *Olson v. United States*, 546 U.S. 43 (2005), the Court should apply the "citizen's arrest" standard to Barone's claims under the FTCA for false arrest.

For the reasons set forth below and for the reasons previously set forth in Plaintiff's response to Defendants' Motion for Dismissal, the Court should respectfully deny Defendants' motions to dismiss, and/or, in the alternative, grant Barone an opportunity to amend his *Pro Se* Complaint.[2]

## ARGUMENT

### I.

### The Court Should Apply the "Citizen's Arrest" Standard to Barone's False Imprisonment Claim under the FTCA

The Federal Defendants have taken it upon themselves to reargue, in their supplemental memorandum of law, points already made in their initial moving papers, on an issue on which this Court did not request further argument - namely, whether Barone's FTCA claims are timely. Barone will first address the question actually posed by the Court immediately below, and, next discuss how Barone's FTCA claims are viable and timely.

---

[1] The Supplemental Brief of Defendants is cited herein as "Supp. Br. at __."

[2] The complaint in this action was signed by Joseph Barone, "*Pro Se*," and not by an attorney. The name of Barone's prior counsel, Jose Muniz, who formally appeared in this action and filed opposition to the motions to dismiss, is printed below Barone's name and signature as the "care of" address.

Section 1346(b)(1) of the FTCA provides in relevant part:

Subject to the provisions of chapter 171 of this title [28 USCS §§ 2671 et seq.], the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.*

28 U.S.C. § 1346(b)(1) (2014) (emphasis added).  Section 2674 provides further in relevant part:

The United States shall be liable, respecting the provisions of this title relating to tort claims, *in the same manner and to the same extent as a private individual under like circumstances*, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674 (2014) (emphasis added).

In *Olson v. United States*, 546 U.S. 43, 44-46 (2005), the Supreme Court unanimously confirmed that the words used in these provisions of the FTCA mean exactly what they say: namely, that the United States is to be liable if a "private person would be liable" and "to the same extent as a private individual under like circumstances." · In *Olson*, two Arizona mineworkers sued the United States under the FTCA alleging that the negligence of federal mine inspectors led to the collapse of the mine, causing them injuries.  The Ninth Circuit, analogizing federal mine inspectors to state mine inspectors, held that the court had jurisdiction under the FTCA since Arizona law would have made state or municipal mine inspectors liable under the circumstances alleged.  *See Olson,* 546 U.S. at 44-45.

The Supreme Court rejected the Ninth Circuit's decision to use the potential liability of state mine inspectors as the appropriate analogue to determine the liability of federal mine inspectors, holding that the Ninth Circuit's analysis was inconsistent with the plain language of the FTCA.  *Olson*, 546 U.S. at 45-46.  The Court held that the statute requires that the liability of the federal government be based on the liability of "private persons" under state law, not the

2

liability of public entities. *Id.* The Court further rejected the Ninth Circuit's reading of the term "like circumstances" from 28 U.S.C. § 2674, which, the Court held, was "too narrow," admonishing the lower courts to "look further afield" to determine whether there is a private party analogue. 546 U.S. at 46-47 (quoting *Indian Towing Co. v. United States*, 350 U.S. 61, 64 (1955)). Not rejecting the Ninth Circuit's finding of jurisdiction under the FTCA, the Court held that the lower courts should have looked to "private parties that conduct safety inspections" because those circumstances were sufficiently similar to the mine inspectors. *Id.*

While *Olson* was a negligence case, the Ninth Circuit in *Tekle v. United States*, 511 F.3d 839 (9th Cir. 2007), had occasion to apply the reasoning in *Olson* to a claim of false arrest, and other intentional law torts by law enforcement officers, pursuant to FTCA, 28 U.S.C. § 2680(h). In *Tekle*, the plaintiff, an eleven year old boy, alleged he was injured during a tense standoff with his parents during their arrest in California by federal IRS agents, in which the agents physically and verbally abused the young plaintiff. 511 F.3d at 842-43. Tekle sought *inter alia* damages under the FTCA for false arrest, assault and battery, and intentional infliction of emotional distress. *Id.* at 850.

In upholding the plaintiff's tort claims under the FTCA, the court considered whether the United States could avoid liability on the basis that the conduct of the IRS agents was privileged. *Tekle*, 511 F.3d at 854. While a law enforcement officer, under California law, may arrest a person for a misdemeanor without a warrant "when he has probable cause to believe that the arrestee committed a misdemeanor in his presence, a private person may only arrest someone for a misdemeanor when the offense actually had been committed or attempted in his presence." *Id.* For a private citizen "reasonable cause" is not a sufficient basis to make an arrest. *Id.* Moreover,

when a private person is entitled to make an arrest, he is only entitled to "use reasonable force." *Id.*

In *Tekle*, Judge Tashima, finding no ambiguity in the Court's clear directive in *Olson,* rejected the application of special "law enforcement officer" privileges applicable to a false arrest claim under the FTCA. 511 F.3d at 854.  The court held instead that the applicable standard for a false arrest claim under the FTCA was whether a private citizen making the arrest would be liable for the tort under state law.  *Id.*  Applying this reasoning, Judge Tashima upheld Tekle's false arrest claim concluding that there was no "evidence that officers had any reason to believe that Tekle had committed a misdemeanor in their presence" and that  "a jury could find that the force used to detain him was not reasonable."  *Id.* Applying the same reasoning, the court also upheld Tekle's claims for assault and battery and intentional infliction of emotional distress. *Id.* at 854-56.  In his opinion, Judge Tashima expressly acknowledged that *Olson* reversed the previous rule in the Ninth Circuit that allowed federal officers to be held to a standard applicable to law enforcement agents, rather than to a private person under state law.  *Id.* at 851.[3]

Here too, under the clear directive of *Olson* and the plain language of the FTCA, this Court respectfully should consider only whether a "private individual under like circumstances" would be liable to Barone, and not whether, or the extent to which, public officers might be liable.  To state a claim for false arrest and imprisonment under New York law, a plaintiff must allege *inter alia* that the allegedly unlawful confinement "was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012).  Whereas, a police officer's arrest is

---

[3] Criticizing Judge Fisher's concurring opinion in *Tekle*, Judge Tashima wrote, "Judge Fisher's reliance on the Court's admonition to look further afield in order to limit the inquiry in the instant case to the liability of federal law enforcement officers, accordingly, turns the Court's reasoning on its head."  511 F.3d at 852.

4

privileged if the officer "possessed probable cause to justify arrest," *Liranzo*, 690 F.3d at 96

(*citing Downs v. Town of Guilderland*, 70 A.D.3d 1228, 1232 (3d Dep't 2010)),

> [i]n New York, a private citizen who makes an arrest does so at his peril; if the person arrested did not in fact commit the crime for which he is arrested, the person who arrests him is liable [for false arrest] even if he acts in good faith or has probable cause to make an arrest.

*Liranzo*, 690 F.3d at 96 (*quoting White v. Albany Med. Ctr. Hosp.*, 151 A.D.2d 859, 860 (3d Dep't 1989)). Thus, under the applicable New York "citizen's arrest" standard, for the purpose of Barone's claims under the FTCA, the actions of the federal agents were not privileged since Barone was acquitted of the criminal charges.

The Federal Defendants offer no compelling reason in this case for this Court to depart from the plain text of the FTCA, nor the clear mandate of *Olson*. Defendants argue that following *Olson* might have the "perverse effect" of state law enforcement agents being held to a different standard under state tort law than federal law enforcement agents. (Supp. Br. at 4). In particular, the Federal Defendants correctly assert that federal agents will be deprived of a probable cause defense. *Id.* However, nothing in the FTCA requires that Federal agents be given a "probable cause" defense to tort liability and nothing in the FTCA requires all law enforcement officers to be held to uniform standards. Indeed, far from uniformity, the FTCA contemplates expressly that federal law enforcement agents may be held to disparate standards in different jurisdictions. The language of the FTCA is neutral as to the substantive laws of the state. *See* 28 U.S.C. § 1346(b)(1).

There is therefore no basis to read into the FTCA a substantive requirement that, even within a given jurisdiction, the same standard must be applicable to both federal and state agents, particularly given the mandate in *Olson* to apply the plain meaning of the words of the statute. The FTCA expressly *requires* application of the "private person" standard to torts committed by

5

*federal* agents, that it does not require of torts committed by *state* agents.[4] *See Olson*, 546 U.S. at 44-45 (*overruling Aguilar v. United States*, 920 F.2d 1475, 1477-78 (9th Cir. 1990), which had held that the United States could be shielded from liability by applying state law granting immunity to state employees); *Tekle*, 511 F.3d at 854. It is no accident therefore that the United States may be liable for torts under the FTCA for which state officers would not be liable.

Conversely, under a proper reading of the FTCA, the United States may escape liability for torts for which, under state law, only a state officer may be liable and not a private person. *See Olson*, 546 U.S at 46 (the "private person" standard applies regardless of whether it is being used to escape or to create liability); *Liranzo v. United States*, 690 F.3d 78, 86 (2d Cir. 2012) (FTCA "does not waive sovereign immunity for claims against the government based on governmental 'action of the type that private persons could not engage in and hence could not be liable for under local law.'"); *Ortiz v. U.S. Border Patrol*, No. 99-2143, 2000 U.S. App. LEXIS 6664, at *3-4 (10th Cir. Apr. 11, 2000) (United States is immune from liability under state Good Samaritan statute as a "private person" even though state officers would not be immune); *Di Mella v. Gray Lines of Boston, Inc.*, 836 F.2d 718, 720 (1st Cir. 1988) ("Whatever liability the Commonwealth may have chosen to assume for itself as a matter of governmental policy has no bearing on the liability of Massachusetts private persons, the standard the federal government accepted."). In other words, it is not a "bug," but a "feature" of the FTCA, that federal agents may be held to different standards than state agents.

Even if this Court declines to apply the "citizen's arrest" standard to Barone's false arrest claim under the FTCA, his claims should nevertheless respectfully not be dismissed. Though a

---

[4] The so-called "perverse effect," in any event, is overstated by the Federal Defendants since federal agents are not personally liable under the FTCA for their tortious conduct. If the United States believes that *Olson* and the clear language of FTCA lead to "perverse" results, the obvious remedy is to amend the statute.

state police officer's arrest may be privileged if there is "probable cause," the *Pro Se* Complaint here pleads facts showing the *absence* of probable cause. The *Pro Se* Complaint alleges that, after 19 years of Barone's undisputed faithful service to the United States government as a "Tier II" Confidential Informant, the defendants intentionally and maliciously invented "bogus charges" against Barone for offenses they *knew* he did not commit solely to entrap him, expose him, and punish him for what they perceived as lack of cooperation. (*Pro Se* Complaint ¶¶ 16-28, 31, 33, 37, 42, 48-51, 53). Under these circumstances, it is beyond disingenuous for the Federal Defendants to suggest that the existence of probable cause is somehow conceded or undisputed. (Supp. Brief at 5 n. 3).

Moreover, Barone has not yet had the opportunity to develop these allegations further through discovery. Having pled facts showing the absence of probable cause to arrest and indict him, and accepting all such allegations as true for the purposes of these motions, Barone's false arrest claims against the Federal Defendants should respectfully not be dismissed at the pleading stage. To the extent that the Court believes that the *Pro Se* Complaint insufficiently alleges the absence of probable cause, Barone respectfully requests an opportunity to amend the pleading.

## II.
## Barone's FTCA Claims Are Timely

The Court should reject Federal Defendants' argument that Barone's FTCA claims are untimely, and deny their motion to dismiss. First, even if the Court determines that Barone's false arrest/imprisonment-based FTCA claims are time barred, Barone still has viable FTCA claims sounding in malicious prosecution, abuse of process, intentional infliction of emotional distress, intentional tort and/or prima facie tort, each of which may serve as a viable private analogue supporting Barone's FTCA claims. *E.g., Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995) (limitations period for malicious prosecution starts to run only when the underlying

7

criminal action is conclusively terminated).[5] The *Pro Se* Complaint alleges a claim for malicious prosecution against the Federal Defendants, denominated as such, albeit not in the First Cause of Action under the FTCA claim but in the Fifth Cause of Action. (Compl. ¶¶ 51, 53). As noted above, with respect to the Federal Defendants' purported defense of probable cause, the *Pro Se* Complaint alleges intentional misconduct undertaken in bad faith to procure an indictment more than sufficient to rebut any presumption resulting from the grand jury indictment, including fraud, perjury, suppression and manufacturing of evidence.[6] Moreover, though these causes of action may not be specifically listed under the First Cause of Action, the allegations of egregious and intentional misconduct committed by all of the defendants certainly plausibly support such causes of action sufficient to survive the motion to dismiss or, at a minimum, to give Barone an opportunity to amend his complaint.[7]

Second, to the extent that Barone's false arrest and false imprisonment claims under the FTCA are time barred under 28 U.S.C. § 2401(b), the limitations period should be equitably tolled. "To qualify for equitable tolling, the plaintiff must establish that extraordinary circumstances prevented him from filing his claim on time, and that he acted with reasonable diligence throughout the period he seeks to toll." *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013). (*quoting Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)) (internal quotation marks omitted). Although equitable tolling is "applicable only in rare and exceptional circumstances," it is nevertheless sometimes necessary "as a matter of fairness." *Id.* Though the Federal Defendants have mischaracterized the limitations period under 28 U.S.C. §

---

[5] The criminal case against Barone terminated no earlier than September 17, 2010. *See* ECF Dckt. Doc. No. 101, 09 CR 0091 (NRB). Barone filed an FTCA "Form 95" on or about June 6, 2011. (*Pro Se* Cmplnt ¶ 3).

[6] *See Colon v. New York*, 60 N.Y.2d 78, 83 (1983).

[7] The *Pro Se* Complaint does not merely assert a claim for negligence under the FTCA, as the Federal Defendants contend, but intentional torts under the FTCA, including false arrest and imprisonment.

2401(b) as "jurisdictional," the question of whether "equitable tolling" is available, in fact, remains an open question in the Second Circuit. *See Phillips* 723 F.3d at 149 ("Although we have sometimes hinted that equitable tolling might be appropriate . . . we have explicitly declined to resolve whether the FTCA's statute of limitations is 'jurisdictional' and, hence, not subject to tolling.").

The circumstances in this case are unique, extraordinary and cry out for application of equitable tolling to prevent the injustice that would result if Barone's false imprisonment claims against the Federal Defendants are dismissed as time barred.  It would be unfair if Barone, not only facing trumped up murder charges, but in reasonable fear for his life and the safety of his family and others based on the government's ongoing, intentional, unlawful conduct, were forced to begin an administrative proceeding against his captors while criminal charges against him are still pending and while civil torts against him are continuous and ongoing.  The brief delay on the part of Barone was reasonable in light of these circumstances.  It would also be inefficient as, in the absence of equitable tolling, a plaintiff who has been falsely imprisoned and wrongfully prosecuted, and otherwise injured by his captors' intentional or negligent conduct, would be required to commence multiple administrative actions for each recurring tort to preserve his rights.   Moreover, the application of equitable tolling under these unique circumstances will cause no prejudice to the Federal Defendants in this case.  There can be no claim of lack of adequate notice to the Federal Defendants, since the basis for Barone's claims, *inter alia* that the Federal agents had manufactured bogus charges against him as retaliation, formed the basis of his defense resulting in his acquittal.

The dissenting Justices in *Wallace v. Kato,* 549 U.S. 384, 127 S. Ct. 1091 (2007), in the separate context of a 42 U.S.C. §1983 claim for false imprisonment, specifically recognized that

equitable tolling can resolve the inequity and inefficiency that results from the rule requiring a person, while incarcerated and in criminal jeopardy, to prosecute simultaneously his civil claims in a parallel proceeding along with his criminal case solely in order to avoid expiration of the limitations period. *Wallace*, 549 U.S. at 401. As Justice Breyer wrote: "[e]quitable tolling could apply where a §1983 plaintiff reasonably claims that the unlawful behavior of which he claims was, or will be, necessary to a criminal proceeding." *Id.* All of the Justices in *Wallace* left open the possibility of equitable tolling of a Section 1983 claim under state law though the majority declined, in that case, to establish a federal tolling rule. 549 U.S. at 394, 402. The use of equitable tolling as explained by Justice Breyer should be applicable here.

## CONCLUSION

For these reasons, and for the reasons previously set forth in Plaintiff's response to Defendants' Motion for Dismissal, Barone respectfully requests that the Court deny Defendants' motions to dismiss, and/or grant Barone an opportunity to file an amended complaint, together with such other and further relief as the Court deems just and proper. ·

Dated: August 1, 2014

HERZFELD & RUBIN, P.C.
*Attorneys for Plaintiff,*
*Joseph S. Barone*


_____/s/_____
Mark A. Weissman
Lawton W. Squires
125 Broad Street
New York, New York 10004
Tel: (212) 471-8500
Fax: (212) 344-3333