

HERZFELD&
RUBIN, P.C.
ATTORNEYS AT LAW     125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

**Mark A. Weissman**
mweissman@herzfeld-rubin.com
Direct Dial (212) 471-8503

September 18, 2014

**Via ECF and by Hand**
Honorable Judge Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Barone v. United States of America, et al., No. 12 Cv. 4103* (LHK)(MHD)

Dear Judge Kaplan:

We represent the plaintiff, Joseph S. Barone.  We write respectfully to request a pre-motion conference in anticipation of a motion for disclosure of grand jury testimony pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure.   Pending consideration of this request, and determination of the anticipated motion, Barone further respectfully requests a suspension or an enlargement of the time within which to file his amended complaint, currently due no later than October 10, 2014.  As set forth below, Barone seeks this stay or extension since the grand jury materials are critical for Barone's claims against United States and its agents sounding in malicious prosecution.  A copy of this letter motion has been furnished to United States Magistrate Judge Michael H. Dolinger in the event the Court deems this application to fall within the February 20, 2014 Order of Reference.

This civil rights action involves the egregious mistreatment of a long-term confidential informant to the FBI in the area of organized crime.  In January 2009, following almost 18 years of dedicated and undisputedly valued service to the FBI, federal agents arrested and prosecuted Barone on false charges that he had participated in a murder-for-hire plot, and placed him and his family in the gravest danger and distress by publicly leaking his status as a mob informant, among numerous other government abuses.  A grand jury indictment against Barone was filed in this Court on October 2009, charging him with Murder for Hire, Conspiracy and a firearms charge.  *See United States v. Barone*, 1:09-cr-00091-NRB, Dckt. No. 19.  Following a highly publicized trial before Judge Naomi R. Buchwald in 2010, the jury

HERZFELD & RUBIN, P.C.
1225 FRANKLIN AVE, SUITE 315
GARDEN CITY, NY 11530
TELEPHONE: 212-471-3231

CHASE KURSHAN HERZFELD & RUBIN, LLC
354 EISENHOWER PARKWAY, SUITE 1100
LIVINGSTON, NJ 07039-1022
TELEPHONE: 973-535-8840

HERZFELD & RUBIN, LLP
1925 CENTURY PARK EAST
LOS ANGELES, CA 90067
TELEPHONE: 310-553-0451

RUBIN MEYER DORU & TRANDAFIR
SOCIETATE CIVILA DE AVOCATI
7. STRADA PUTUL CU PLOPI
BUCHAREST I, ROMANIA
TELEPHONE: (40) (21) 311-1460


HERZFELD&
RUBIN.P.C.
ATTORNEYS AT LAW

Honorable Judge Lewis A. Kaplan
September 18, 2014
Page 2 of 5

acquitted Barone of the Murder for Hire charge, and the remaining charges against him were dismissed.

Following his acquittal, Barone commenced this action against the United States, various federal agencies and agents, the NYPD, and "John Doe" state officials.   On August 21, 2014, Magistrate Judge Dolinger issued a Report and Recommendation which recommended that the action be dismissed, in part with prejudice, and in part without prejudice with leave for Barone to amend the complaint within thirty days of dismissal.   Magistrate Judge Dolinger recommended that Barone be permitted to amend his complaint *inter alia* to clarify his claims for malicious prosecution against the United States under the Federal Tort Claim Act ("FTCA"), and against certain federal officers, under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971).   On September 10, 2014, this Court adopted the Magistrate Judge's Report and Recommendation in its entirety.

Barone intends to amend his complaint in accordance with the court's ruling.   To support his claim for malicious prosecution, however, it is crucial that Barone first obtain access to the grand jury testimony that led to his indictment, and subsequent prosecution.

This Court has clear authority to order disclosure of sealed grand jury materials under Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure which provides that disclosure of grand jury transcripts may be made when so directed by a court "preliminarily to or in connection with a judicial proceeding."   A court called upon to determine whether grand jury materials should be disclosed is imbued with "wide discretion." *Anilao v. Spota,* 918 F. Supp. 2d 157, 174 (E.D.N.Y. 2013)(*citing Douglas Oil Co. of Cal. v. Petrol Stops Nw.,* 441 U.S. 211, 223 (1979)).   In exercising this discretion under Rule 6, the court considers whether the moving party shows a particularized need for the materials, and if that need outweighs the need for continued grand jury secrecy.   *See Douglas Oil Co,* 441 U.S. 211 at 223; *Anilao,* 918 F. Supp. 2d at 174; *Frederick v. New York City,* 11 Civ. 469 (JPO), 2012 U.S. Dist. LEXIS 150223, *24 (S.D.N.Y. 2012).

Barone can demonstrate a particularized need for disclosure of the grand jury materials under the unique circumstances presented here because these materials are critical to demonstrate the malice, bad faith and misconduct of Federal agents in procuring an indictment, and to overcome any presumption of probable cause. To show a "particularized need," a party must show that "the material they seek is needed to avoid a possible injustice in another judicial proceeding." *Douglas Oil,* 441 U.S. at 222. Thus, courts in this circuit have ordered disclosure of grand jury materials where, as here, a claim against law enforcement officers for malicious prosecution would be "hindered by denial of access to grand jury materials." *Anilao,* 918 F. Supp. 2d at 175; *Frederick,* 2012 U.S. Dist. LEXIS 150223, at *24. *Cf. Palmer v. Estate of Walwyn Stuart,* No. 02 Civ. 4076 (LTS)(GWG), 2004 U.S. Dist. LEXIS 21788, at


HERZFELD&
RUBIN.P.C.
ATTORNEYS AT LAW

Honorable Judge Lewis A. Kaplan
September 18, 2014
Page 3 of 5

*7-9 (S.D.N.Y. 2004) (grand jury materials were necessary to show absence of probable cause to prosecute claim for false arrest). Grand jury materials were disclosed to the plaintiffs in those cases, as they should be in this case, in order to demonstrate essential elements of a malicious prosecution claim, including the "bad faith," and malice of law enforcement agents, and to overcome a presumption of probable cause.

A substantial basis already exists in this case to support the allegation that federal agents provided misleading testimony both to the grand jury and to the trial court for malicious purposes, and not for legitimate law enforcement purposes. After having consulted with Barone's criminal trial counsel, and reviewing the trial materials, the facts strongly suggest that federal agents knowingly withheld highly exculpatory evidence from both the grand jury and the Assistant U.S. Attorneys, providing misleading or even outright perjurious testimony and statements. We are informed and believe, for example, that prosecutors did not present to the grand jury the most critical testimony from FBI Special Agent Vincent Presutti, who initially recruited Barone to become a confidential informant in the early 1990's, and remained Barone's FBI "handler" until October 2008, just months before Barone's arrest in January 2009. Agent Presutti's testimony at trial verified, in convincing and compelling detail, Barone's valuable services to the FBI as a confidential informant throughout that period. Agent Presutti testified specifically that Barone was authorized by the FBI to, and routinely did, participate in "criminal conversations" over the many years as part of his service as a Tier II confidential informant. Agent Presutti further confirmed that, up until just before Barone's arrest, Agent Presutti had maintained the secrecy of Barone's identity, even amongst other FBI agents, consistent with FBI policies. In short, Agent Presutti was the *sole* witness who had personal knowledge of, and could meaningfully attest to, Barone's long and undisputed record of loyal service to the FBI.

Although Agent Presutti was a key government witness at trial, the government did not turn over any grand jury testimony from him under *Brady v. Maryland*, 373 U.S. 83 (1963) or the Jencks Act, 18 U.S.C. § 3500. Since these materials were duly demanded from the government by Barone, we may deduce that Agent Presutti, shockingly, did not testify before the grand jury. This, in spite of the fact that his testimony was plainly essential for a complete and fair understanding and evaluation of the facts. The government similarly did not turn over grand jury testimony for the other government trial witnesses, including witnesses with critical knowledge such as Special Agent Michael Trombetta, who succeeded Agent Presutti as Barone's handler in late 2008 through and including the time of Barone's arrest, and Special Agent Gregorio Miceli, who was the "case agent." Since no grand jury transcripts were turned over to Barone for any trial witnesses, we may fairly conclude that *none* of these essential witnesses testified before the grand jury.



HERZFELD&
RUBIN,P.C.
ATTORNEYS AT LAW

Honorable Judge Lewis A. Kaplan
September 18, 2014
Page **4** of **5**

By the same reasoning, it appears likely that the grand jury heard only the testimony from Special Agent Michael Gaeta. This, too, we deduce from that fact that the government elected *not* to call him as a prosecution witness at trial. If correct, this further demonstrates that the grand jury was deprived of essential information about Barone's long history as a successful and duly authorized confidential informant since Agent Gaeta admittedly knew nothing about Barone's status, until literally just days before Barone's arrest. Special Agent Gaeta could not have portrayed to the grand jury a complete and accurate picture of Barone's years of service to the FBI, nor the events in the months leading up to Barone's arrest.

Moreover, Agent Gaeta's veracity (along with the veracity of his other testifying FBI and NYPD cohorts) was expressly called into question by Judge Buchwald, who found their testimony offered at a suppression hearing collectively to be unreliable at best, if not outright false. See June 25, 2010 Memorandum & Order, *United States v. Barone*, 1:09-cr-00091-NRB, ECF Dckt. No. 61. The officer misconduct already demonstrated in this case represents the tip of the iceberg and is a sufficient basis for the court to order disclosure of the grand jury materials.

Under the *Douglas Oil* test, Barone can further show that the need for disclosure outweighs the usual reasons for grand jury secrecy. The "usual reasons" for grand jury secrecy are: "(1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment of their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage fee and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt." *Palmer*, 2004 U.S. Dist. LEXIS 21788, at *13 (*quoting Douglas Oil*, 441 U.S. at 219 n. 10). *See also Anilao*, 918 F. Supp. 2d at 172.

As the considerations justifying secrecy become less relevant, "a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Douglas Oil Co.*, 441 U.S. at 223. The justifications for grand jury secrecy are largely inapplicable to this case, and none of these reasons outweighs Barone's need for the materials. The grand jury proceeding concluded as of October 30, 2009, almost five years ago. Disclosure of testimony could not conceivably facilitate any "escape," will not cause anyone to "importune" grand jurors as their identities will not be revealed in the minutes, will not cause any witness tampering, will not affect the incentive for witnesses to testify before future grand juries, and will certainly not protect Barone's name, let alone his status as a confidential informant, since the government already disclosed it. *See Anilao*, 918 F. Supp. 2d at 179-180.


**HERZFELD &**
**RUBIN, P.C.**
ATTORNEYS AT LAW

Honorable Judge Lewis A. Kaplan
September 18, 2014
Page **5** of **5**


Federal and state agents have scant interest in the secrecy of their grand jury testimony since "testifying before grand juries is part of their regular job duties as public servants." *See Palmer*, 2004 U.S. Dist. LEXIS 21788, at *13. Moreover, with respect to Agent Gaeta, and other arresting officers, their identities have not been kept secret since they testified at the suppression hearing. *Id.* Indeed, no grand jury witness can ever be assured of complete secrecy since the government is always obligated to disclose grand jury testimony of witnesses who testify for the prosecution at trial. *Id.* at *14-15; *See also Anilao*, 918 F. Supp. 2d at 179-180; 18 U.S.C. § 3500.

Lastly, and significantly, Barone's criminal trial, during which Barone himself testified, was covered extensively by the press. This included news reports concerning his defense that federal and state agents had set Barone up as part of a scheme to punish him for his supposed lack of cooperation. Under these unique circumstances, and especially in light of the publicity given to Barone's case, the public interest in the integrity of prosecutions and the resolutions of the serious issues in this case should outweigh the usual reasons for grand jury secrecy. *See Anilao*, 918 F. Supp. 2d at 181 ("the public's interest in accurate information about its public officials outweighs the assurance of secrecy for witnesses in future grand jury proceedings").

Therefore, Barone respectfully requests that the Court (i) grant him the opportunity to seek disclosure of the grand jury minutes under Rule 6 of the Rules of Criminal Procedure; and (ii) pending the Court's determination of this application, suspend or enlarge the time within which Barone must file an amended complaint.

We thank the Court for its consideration. We are available at the Court's convenience for a conference.


Respectfully submitted,

Mark A. Weissman

MAW/ac


cc:     Hon. Michael H. Dolinger, U.S. Magistrate Judge, S.D.N.Y. (via ECF and by hand)
        Rebecca Tinio, Esq. (via ECF)
        Susanna Publicker, Esq. (via ECF)