

**HERZFELD & RUBIN, P.C.**
ATTORNEYS AT LAW

125 BROAD STREET, NEW YORK, NY 10004  TEL 212 471-8500  FAX 212 344-3333  WWW.HERZFELD-RUBIN.COM

# MEMO ENDORSED

Mark A. Weissman
mweissman@herzfeld-rubin.com
Direct Dial (212) 471-8503

September 18, 2014

**Via ECF and by Hand**
Honorable Judge Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/14
```

Re:   *Barone v. United States of America, et al.,* No. 12 Cv. 4103 (LHK)(MHD)

Dear Judge Kaplan:

We represent the plaintiff, Joseph S. Barone. We write respectfully to request a pre-motion conference in anticipation of a motion for disclosure of grand jury testimony pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure. Pending consideration of this request, and determination of the anticipated motion, Barone further respectfully requests a suspension or an enlargement of the time within which to file his amended complaint, currently due no later than October 10, 2014. As set forth below, Barone seeks this stay or extension since the grand jury materials are critical for Barone's claims against United States and its agents sounding in malicious prosecution. A copy of this letter motion has been furnished to United States Magistrate Judge Michael H. Dolinger in the event the Court deems this application to fall within the February 20, 2014 Order of Reference.

This civil rights action involves the egregious mistreatment of a long-term confidential informant to the FBI in the area of organized crime. In January 2009, following almost 18 years of dedicated and undisputedly valued service to the FBI, federal agents arrested and prosecuted Barone on false charges that he had participated in a murder-for-hire plot, and placed him and his family in the gravest danger and distress by publicly leaking his status as a mob informant, among numerous other government abuses. A grand jury indictment against Barone was filed in this Court on October 2009, charging him with Murder for Hire, Conspiracy and a firearms charge. *See United States v. Barone,* 1:09-cr-00091-NRB, Dckt. No. 19. Following a highly publicized trial before Judge Naomi R. Buchwald in 2010, the jury

HERZFELD & RUBIN, P.C.
1225 FRANKLIN AVE, SUITE 315
GARDEN CITY, NY 11530
TELEPHONE: 212-471-3231

CHASE KURSHAN HERZFELD & RUBIN, LLC
354 EISENHOWER PARKWAY, SUITE 1100
LIVINGSTON, NJ 07039-1022
TELEPHONE: 973-535-8840

HERZFELD & RUBIN, LLP
1925 CENTURY PARK EAST
LOS ANGELES, CA 90067
TELEPHONE: 310-553-0451

RUBIN MEYER DORU & TRANDAFIR
SOCIETATE CIVILA DE AVOCATI
7. STRADA PUTUL CU PLOPI
BUCHAREST I, ROMANIA
TELEPHONE: (40) (21) 311-1460



**HERZFELD & RUBIN, P.C.**
ATTORNEYS AT LAW

Honorable Judge Lewis A. Kaplan
September 18, 2014
Page **5** of **5**

Federal and state agents have scant interest in the secrecy of their grand jury testimony since "testifying before grand juries is part of their regular job duties as public servants." *See Palmer*, 2004 U.S. Dist. LEXIS 21788, at *13. Moreover, with respect to Agent Gaeta, and other arresting officers, their identities have not been kept secret since they testified at the suppression hearing. *Id.* Indeed, no grand jury witness can ever be assured of complete secrecy since the government is always obligated to disclose grand jury testimony of witnesses who testify for the prosecution at trial. *Id.* at *14-15; *See also Anilao*, 918 F. Supp. 2d at 179-180; 18 U.S.C. § 3500.

Lastly, and significantly, Barone's criminal trial, during which Barone himself testified, was covered extensively by the press. This included news reports concerning his defense that federal and state agents had set Barone up as part of a scheme to punish him for his supposed lack of cooperation. Under these unique circumstances, and especially in light of the publicity given to Barone's case, the public interest in the integrity of prosecutions and the resolutions of the serious issues in this case should outweigh the usual reasons for grand jury secrecy. *See Anilao*, 918 F. Supp. 2d at 181 ("the public's interest in accurate information about its public officials outweighs the assurance of secrecy for witnesses in future grand jury proceedings").

Therefore, Barone respectfully requests that the Court (i) grant him the opportunity to seek disclosure of the grand jury minutes under Rule 6 of the Rules of Criminal Procedure; and (ii) pending the Court's determination of this application, suspend or enlarge the time within which Barone must file an amended complaint.

We thank the Court for its consideration. We are available at the Court's convenience for a conference.

Respectfully submitted,

Mark A. Weissman

MAW/ac

cc: Hon. Michael H. Dolinger, U.S. Magistrate Judge, S.D.N.Y. (via ECF and by hand)
Rebecca Tinio, Esq. (via ECF)
Susanna Publicker, Esq. (via ECF)

*Handwritten note:* No premotion conference is necessary. Nor does the Court see any sufficient reason to defer the time within which to amend the complaint. Plaintiff either has a basis for his allegations that suffices for Rule 11 purposes or he does not. If he does, he certainly need not await the outcome of a 6(e) motion. If he does not, there nonetheless seems to be no reason to await the outcome of a Rule 6(e) motion, which is uncertain at best.