UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x
JOSEPH S. BARONE

                                  Plaintiff,

        -against-                                        **12 CV 4103 (LAK)(MHD)**

UNITED STATES OF AMERICA, SPECIAL AGENTS
MICHAEL GAETA, GREGORIO MICELI, AND MICHAEL    **DECLARATION OF**
TROMBETTA in their official capacities as agents of the    **MARK A. WEISSMAN**
Federal Bureau of Investigation and in their individual    **IN SUPPORT OF**
capacities,    **CROSS MOTION**

                                  Defendants.
----------------------------------------------------------------------------x

        MARK A. WEISSMAN, pursuant to 28 U.S.C. § 1746 hereby declares and states:

        1.    I am an attorney duly admitted to practice law in the State of New York and in this Court.  I am a Member of the law firm of Herzfeld & Rubin, P.C., attorneys of record for the Plaintiff Joseph S. Barone and, as such, I am familiar with the facts and circumstances of this action.  I make this Declaration in Support of Plaintiff's Cross Motion for an Order (i) pursuant to Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, unsealing and disclosing all materials and records of Grand Jury proceedings, including, but not limited to, testimony transcripts, charges, witness lists, and evidence, related to the case of *United States v. Joseph S. Barone*, No. 1:09-cr-00091-NRB, in the Southern District of New York, and the Indictment(s) returned therein; and (ii) granting such other and further relief as the Court deems just and proper.

        2.    Plaintiff was represented during his criminal trial (*United States v. Joseph S. Barone*, No. 1:09-cr-00091-NRB) by Mr. José Muñiz.  Mr. Muñiz had also represented Plaintiff in this Action until July 7, 2014 when this firm appeared as counsel of record for Plaintiff.  In

preparation for taking over this matter, I have had numerous conversations and meetings with Mr. Muñiz and have received from his office numerous records from Barone's criminal trial.

3.  Among these aforementioned records were copies of electronic transcripts of trial testimony from the criminal trial of *U.S. v. Barone*. Annexed hereto as **Exhibit A** is a true copy of an excerpt of one such electronic transcript containing the entire trial testimony of Special Agent Vincent Presutti, from July 22, 2010.

4.  Based on my review of the records from the criminal case and my conversations with Mr. Muñiz about this subject matter, I am informed and believe that the government did not turn over any grand jury testimony from Special Agent Vincent Presutti under *Brady v. Maryland*, 373 U.S. 83 (1963) or the Jencks Act, 18 U.S.C. § 3500, though such information was duly demanded from the government during the criminal case.

5.  Based on my review of the records from the criminal case and my conversations with Mr. Muñiz about this subject matter, I am informed and believe that the government did not turn over any grand jury testimony from Defendant Special Agent Gregorio Miceli nor Defendant Special Agent Michael Trombetta under *Brady v. Maryland*, 373 U.S. 83 (1963) or the Jencks Act, 18 U.S.C. § 3500, though such information was duly demanded from the government during the criminal case.

6.  Based on my review of the records from the criminal case and my conversations with Mr. Muñiz about this subject matter, I am informed and believe that the government did not call Defendant Special Agent Michael Gaeta as a prosecution witness at the criminal trial. Special Agent Gaeta did testify at a pre-trial suppression hearing in the criminal case.

7.  Plaintiff's criminal trial received considerable attention from the press and the public, both during the trial and after Barone's acquittal, including major, reputable news outlets

such as the New York Daily News. Annexed hereto as **Exhibit B** are true copies of various press reports which I either received from Mr. Muñiz's office or personally retrieved from the Internet.

8. On September 18, 2014, this firm filed a letter application with the Court seeking *inter alia* a pre-motion conference in anticipation of making this motion for disclosure of Grand Jury materials. That letter application was denied by the Court on the basis that a pre-motion conference was not necessary.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
January 29, 2015

/s/ Mark A. Weissman
Mark A. Weissman