UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH S. BARONE,

       Plaintiff,

             v.

UNITED STATES OF AMERICA, SPECIAL AGENTS
MICHAEL GAETA, GREGORIO MICELI, AND MICHAEL
TROMBETTA, in their official capacities as agents of the
Federal Bureau of Investigation and in their individual
capacities,

       Defendants.

ECF Case

12 Civ. 4103 (LAK)
(MHD)

## MEMORANDUM OF LAW IN OPPOSITION TO CROSS MOTION TO UNSEAL GRAND JURY MATERIALS

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the Defendants
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2774
Facsimile:  (212) 637-2702

REBECCA S. TINIO
Assistant United States Attorney
     - Of Counsel -

Preet Bharara, United States Attorney for the Southern District of New York, on behalf of defendants the United States of America and Special Agents Michael Gaeta, Gregorio Miceli, and Michael Trombetta (in their official and individual capacities)[1], respectfully submits this memorandum of law in opposition to Plaintiff's cross motion to unseal all of the grand jury materials relating to his indictment and criminal prosecution in this Court.  *See* Dkt. Nos. 61-63. As discussed further herein, Plaintiff has failed to meet his burden to show a particularized need for the disclosure of these materials sufficient to overcome the general presumption of grand jury secrecy, which exists to protect, among other things, the proper functioning of present and future grand juries.  Rather, Plaintiff's motion is a transparent and impermissibly speculative attempt to gin up allegations – after he has already twice attempted to plead such allegations in his Complaint and Amended Complaint – to support his meritless theory that he was maliciously prosecuted by the Agent Defendants.  The Court should not allow Plaintiff to embark on this fishing expedition, and should instead deny the motion.

## BACKGROUND

The core allegations in this lawsuit are that Plaintiff was supposedly maliciously prosecuted by the Agent Defendants starting in January 2009, when Plaintiff was arrested and subsequently indicted on charges relating to murder for hire, conspiracy to commit murder for hire, and unlawful possession of a firearm.  *See, e.g.*, Dkt. No. 52 ¶¶ 2-3, 76 ("Am. Compl."); *see also United States v. Joseph S. Barone, et al.*, No. 9-cr-91 (NRB) (the "Criminal Case").  The Criminal Case came substantially to an end after: (1) the Government voluntarily dismissed the firearms charge after the Court suppressed the relevant physical evidence; (2) a jury acquitted Plaintiff on the murder for hire charge and hung on the conspiracy charge; and (3) the

---

[1] Defendants Michael Gaeta and Gregorio Miceli are erroneously named in the Amended Complaint as "Michael Gatea" and "Gregory Miceli."

Government issued a *nolle prosequi* on the conspiracy charge.  *See* Dkt. No. 23 (Declaration of Rebecca S. Tinio in Support of Motion to Dismiss the Complaint, or "Tinio Dec.") ¶ 9, Ex. G ¶ 3; Tinio Dec. ¶ 10, Ex. H at 1-2, 12 n.5.

This lawsuit followed.  Plaintiff filed his Complaint on May 23, 2012 (Dkt. No. 1), and following dispositive motions by all defendants, the Court dismissed the Complaint in its entirety with leave to replead certain claims only (Dkt. Nos. 47, 48).  Plaintiff sought an extension of time to file an amended complaint in anticipation of a contemplated motion, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i), for disclosure of grand jury testimony relating to the Criminal Case.  *See* Dkt. No. 49.  The Court denied the requested extension and also the request for a conference on the proposed motion, noting the following: "Plaintiff either has a basis for his allegations that suffices for Rule 11 purposes or he does not.  If he does, he certainly need not await the outcome of a 6(e) motion.  If he does not, there nevertheless seems to be no reason to await the outcome of a Rule 6(e) motion, which is uncertain at best."  *See* Dkt. No. 50.

Plaintiff filed the Amended Complaint on October 10, 2014, which Defendants moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Am. Compl.; Dkt. No. 57.  Facing this second motion to dismiss, Plaintiff now attempts once more to seek disclosure of all of the grand jury materials relating to the Criminal Case.  *See* Dkt. No. 63 ("Pl. Mot.").

## ARGUMENT

The Court should deny Plaintiff's motion.  Plaintiff entirely fails to establish any particularized need for the disclosure of all of the grand jury materials relating to his Criminal Case that would be sufficient to overcome the general presumption of grand jury secrecy.

**1. Legal Standards Relating to Motions to Unseal Grand Jury Materials**

The Supreme Court has "consistently [] recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). Due to the strong public interest in maintaining grand jury secrecy, the Supreme Court repeatedly has held that a private party must make a "strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983) (collecting cases). To satisfy this burden, parties seeking to unseal grand jury material under Rule 6(e) of the Federal Rules of Criminal Procedure must show: "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only the material needed." *Douglas Oil*, 441 U.S. at 222. Such a showing must be made even when the particular grand jury at issue has concluded its operations. *Id.* In considering the effects of disclosure on grand jury proceedings, "courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Id.* In balancing the relevant considerations, even "[w]here the factors favoring continued secrecy are weak," a party seeking disclosure of grand jury materials cannot meet his burden where "there has been no showing of particularized need." *Rechtschaffer v. City of New York*, No. 05 Civ. 9930 (RJS) (JCF), 06 Civ. 2270 (RJS) (JCF), 2009 WL 773351, at *4 (S.D.N.Y. Mar. 18, 2009).

Although under certain circumstances, the *Douglas Oil* test can be satisfied "where a civil rights claim for malicious prosecution would be hindered by denial of access to grand jury materials," courts in this Circuit are clear that "unsealing is not automatically warranted simply because the person requesting disclosure is a malicious prosecution plaintiff." *Anilao v. Spota*,

3

918 F. Supp. 2d 157, 175 (E.D.N.Y. 2013); *see also Frederick v. New York City*, No. 11 Civ. 469 (JPO), 2012 WL 4947806, at *8 (S.D.N.Y. Oct. 11, 2012) ("Of course, the fact that some malicious prosecution plaintiffs may require grand jury minutes does not meant that courts should therefore grant requests to unseal on anything approximating a regular basis. Malicious prosecution claims are bountiful; decisions to unseal grand jury records are rare."). Rather, plaintiffs asserting malicious prosecution claims who seek disclosure of grand jury material must meet their burden by making "specific factual allegations of government misconduct." *Anilao*, 918 F. Supp. 2d at 175-76; *see also, e.g.*, *Frederick*, 2012 WL 4947806, at *10 (malicious prosecution plaintiffs must "adduce facts that strongly suggest misconduct at the grand jury sufficient to rebut the presumption of probable cause if ultimately proven true").

Malicious prosecution plaintiffs will not meet this burden through pure conjecture or speculation about what may have happened at the grand jury, by simply presenting their own version of events, or by articulating an unadorned wish to look for facts that will help their claims. *See Frederick*, 2012 WL 4947806, at *10; *Anilao*, 918 F. Supp. 2d at 175-76; *In re Grand Jury Minutes*, No. 96 CV 2810, 1997 WL 21369, at *4 (E.D.N.Y. Jan. 9, 1997) (in a case where petitioners claimed that they had a particularized need for grand jury materials because they desired to initiate a malicious prosecution suit, opining that "courts have consistently refused to grant disclosure based on a requesting party's speculation as to what occurred before the grand jury") (citation and internal quotation marks omitted); *Alvarado v. City of New York*, No. CV-04-2558 (NGG) (VVP), 2006 WL 2252511, at *3 (E.D.N.Y. Aug. 5, 2006) ("A generalized desire for discovery needed to prove one's case . . . does not constitute the requisite showing of particularized need"); *Alvarado v. City of New York*, No. 04-CV-2558 (RRM) (VVP), 2009 WL 510813, at *2 (E.D.N.Y. Feb. 27, 2009) ("Authorizing a fishing expedition

based solely on conclusory allegations of misconduct before the grand jury would result in every plaintiff who claimed malicious prosecution being given access to the minutes of the grand jury that voted on the underlying indictment . . . [which] would defeat the purpose behind the particularized need test, and cannot be correct.").

### 2.  Plaintiff Fails to Meet His Burden to Satisfy the *Douglas Oil* Test

Plaintiff fails to meet his burden to satisfy any one of the three parts of the "particularized need" test set forth in *Douglas Oil.*  First, plaintiff falls well short of demonstrating, through "specific factual allegations of government misconduct" at the grand jury, *Anilao*, 918 F. Supp. 2d at 175-76, that "the material [he] seek[s] is needed to avoid a possible injustice in another judicial proceeding."  *Douglas Oil*, 441 U.S. at 222.  In sum, Plaintiff attempts to justify his request for disclosure because: (1) "Barone is informed and believes" that "prosecutors" did not present to the grand jury testimony from FBI Special Agent Vincent Presutti, who could potentially have testified about Plaintiff's "valuable services to the FBI as a confidential informant," Pl. Mot. at 20-21; (2) "this Court may reasonably conclude" that "other government trial witnesses," including Defendants Trombetta and Miceli, did not testify before the grand jury, *id.* at 21; (3) "it appears likely that" only Defendant Gaeta testified before the grand jury, which supposedly deprived the grand jury of "essential information" because Defendant Gaeta, Plaintiff contends, "knew nothing" about Plaintiff's "long history as a successful and duly authorized confidential informant," *id.* at 21-22[2]; and (4) the trial court in the Criminal Case, Plaintiff claims, discounted Defendant Gaeta's testimony at the suppression hearing, supposedly

---

[2] Plaintiff's conjectures about which witnesses may or may not have testified before the grand jury in the Criminal Case appear to be based entirely on inferences made on information and belief by Plaintiff's current counsel, who did not represent Plaintiff in the Criminal Case, based on "conversations" with Plaintiff's prior counsel and on his review of the case file he received from Plaintiff's prior counsel.  *See* Dkt. No. 62 (Declaration of Mark A. Weissman, Esq.). Notably absent from Plaintiff's motion papers, among other things, is any representation that the case file received from Plaintiff's prior counsel is complete.

5

demonstrating "officer misconduct" that "is a sufficient basis for the court to order disclosure of the grand jury materials." *Id.* at 22.

This scant showing by Plaintiff falls woefully short of demonstrating that he needs full disclosure of the grand jury materials relating to his Criminal Case in order to avoid possible injustice in this case. Every one of Plaintiff's proffered reasons is entirely speculative and conjectural, as to who may or may not have testified before the grand jury, what evidence these witnesses might have offered, and whether Defendant Gaeta might have lied before the grand jury. The only specific allegation that Plaintiff makes about the supposedly "missing" testimony is that other witnesses might have provided "positive" information to the grand jury about his prior service as an FBI informant, which – especially because it does not go directly to Plaintiff's guilt or innocence – fails to persuasively suggest that either the government committed misconduct at the grand jury, or that such "positive" testimony might rebut the presumption of probable cause that flows from the grand jury's indictment. And, at any rate, Plaintiff's rationale is legally immaterial, because prosecutors have "no duty to present every item of arguably exculpatory evidence in seeking an indictment." *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003).

Moreover, Plaintiff's speculative suggestion that the Government wrongly withheld certain witness's testimony from the grand jury is entirely irrelevant to his malicious prosecution claims against the Defendant Agents, since the presentation of evidence (including witnesses) to the grand jury is a function performed by prosecutors, not law enforcement agents, with respect to which prosecutors are held to be immune.[3] *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976) ("which witnesses to call [before a grand jury]," and "what other evidence to

[3] The Amended Complaint does not assert claims against any prosecutors, because Plaintiff's claims against one of the prosecutors in his Criminal Case have already been dismissed with prejudice. *See* Dkt. No. 47, at 23-31, 39-40.

present," are part of a prosecutor's functions preliminary to the initiation of proceedings); *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (grand jury witness selection is covered by absolute prosecutorial immunity); *Alvarado*, 2006 WL 2252511, at *5 (denying access to grand jury minutes because the prosecutor's decision as to what evidence to present to the grand jury is irrelevant to the alleged bad faith of the defendant witness); *O'Brien v. City of Yonkers*, No. 07-CV-3974 (KMK) (LMS), 2013 WL 1234966, at *14 (S.D.N.Y. Mar. 22, 2013) (collecting cases). Therefore, even if Plaintiff were able to show that important exculpatory evidence were withheld from the grand jury, that information would not aid in prosecuting his malicious prosecution claims arising from the Defendant Agents' alleged conduct.

Furthermore, Plaintiff's insinuation that Agent Gaeta might have lied to the grand jury (which is based only on Plaintiff's contention that the Court found Defendant Gaeta's testimony in the suppressing hearing to be incredible, Pl. Mot. at 22), is not only impermissibly speculative, but also irrelevant to Plaintiff's malicious prosecution claims against Defendant Gaeta. After the Supreme Court's opinion in *Rehberg v. Paulk*, 132 S.Ct. 1497 (2012), it is now clear that Defendant Gaeta is absolutely immune from any claim against him pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which arises from Defendant Gaeta's own testimony before the grand jury. *See Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014). Therefore, obtaining the sealed grand jury materials from his Criminal Case would not aid Plaintiff in proving this precluded *Bivens* claim against Defendant Gaeta, or any of the other Agent Defendants. *See Maldonado v. City of New York*, No. 11 Civ. 3514 (PKC) (HBP), 2012 WL 2359836, at *4-5 (S.D.N.Y. June 21, 2012) (denying request for grand jury minutes in part because *Rehberg* bars plaintiff's claim under 42 U.S.C. § 1983, and there is therefore "no federal interest in the grand jury minutes").

The same is true with respect to Plaintiff's tort claim for malicious prosecution, to the extent it can be construed to arise from supposed false testimony by the Agent Defendants to the grand jury. Am. Compl. ¶¶ 98, 100. Under the Federal Tort Claims Act ("FTCA"), which governs Plaintiff's tort claims, the United States waives its sovereign immunity to suit only under circumstances "where the United States, if a private person, would be liable to the claimant in accordance with the law of" the state of New York, where the alleged malicious prosecution occurred. 28 U.S.C. § 1346(b)(1). Under New York law, grand jury witnesses are also afforded absolute immunity against claims arising from their own testimony. *See, e.g.*, *Toker v. Pollak*, 44 N.Y.2d 211, 221 (N.Y. 1978) ("Testimony before a Grand Jury is afforded absolute immunity because, by statute . . . Grand Jury proceedings are secret."); *Ervin v. Bronx Lebanon Hosp. Ctr.*, 17 A.D.3d 301, 302 (N.Y. App. Div. 2005) (holding that to the extent plaintiff's claims against an individual defendant "are premised on her grand jury and trial testimony, she is shielded by the common-law doctrine of absolute witness immunity"); *People v. Bonelli*, 945 N.Y.S.2d 539, 542-43 (N.Y. Sup. Ct. 2012) (denying request for disclosure of grand jury minutes because in light of *Rehberg*, grand jury witnesses should enjoy the same immunity as trial witnesses, and also finding that plaintiff did not show a compelling and particularized need for the minutes).[4] Therefore, even if Plaintiff had alleged with sufficient specificity that Defendant Gaeta lied before the grand jury, which he has not done, the disclosure of the grand jury materials would not aid Plaintiff with respect to either his *Bivens* or FTCA malicious prosecution claims against Defendant Gaeta arising from Defendant Gaeta's grand jury testimony, because Plaintiff cannot maintain any such claims.

---

[4] The absolute immunity, under New York law, of grand jury witnesses against claims arising from their grand jury testimony provides an additional and independent ground to dismiss Plaintiff's malicious prosecution claims against the Agent Defendants and the United States, to the extent these claims arise from the Agent Defendants' supposed grand jury testimony. Am. Compl. ¶¶ 98, 100.

All of the cases that Plaintiff cites in his cross motion are distinguishable. *See* Pl. Mot. at 19-20. First, in each of those cases, the malicious prosecution plaintiffs adduced specific facts or factual allegations to support their claim of a particularized need. *See, e.g.*, *Anilao*, 918 F. Supp. 2d at 163, 177 (describing *Anilao* as an "unusual case," noting that the Second Department issued a writ of prohibition halting the criminal prosecution and that the Supreme Court subsequently dismissed the indictment, and detailing specific falsehoods that plaintiffs alleged were presented to the grand jury); *Frederick*, 2012 WL 4947806, at *10 (noting plaintiff's specific allegations of improper conduct and plaintiff's provision of corroborating affidavits); *Palmer v. Estate of Walwyn Stuart*, No. 02 Civ. 4076 (LTS) (GWG), 2004 U.S. Dist. LEXIS 21788, at *7-9 (S.D.N.Y. 2004) (noting the "highly unusual occurrence" giving rise to plaintiff's particularized need for the grand jury minutes in that case, namely that probable cause was found in the preliminary hearing but not by the grand jury). In this case, Plaintiff has not set forth any remotely similar specific factual allegations of misconduct, provided corroborating evidence, or identified unusual circumstances that would justify the extraordinary remedy of unsealing the grand jury materials relating to his Criminal Case.[5]

For these reasons, Plaintiff has completely failed to carry his burden to show that he needs the grand jury materials related to his Criminal Case in order "to avoid a possible injustice" in this case. *Douglas Oil*, 441 U.S. at 222. He also fails in satisfying the other two elements of the *Douglas Oil* test. Plaintiff has not shown that "the need for disclosure is greater than the need for continued secrecy." *Id.* Even though the need for continued secrecy is

---

[5] It is also notable that in each of the cases cited by Plaintiff in his cross motion, the request for disclosure of grand jury materials was made during discovery, not during the pleading stage, as in this case. If the Court is inclined to deny Defendants' motion to dismiss the Amended Complaint, which it should not do, the Court should still deny Plaintiff's cross motion, or at a minimum, deny it without prejudice to renewal during discovery should Plaintiff be able to demonstrate that he cannot otherwise obtain discovery of the relevant information.

somewhat lessened by the passage of time, in that the grand jury in the Criminal Case convened several years ago, the Court must still consider, for example, "the possible effect" of disclosure "upon the functioning of future grand juries." *Id.*  Furthermore, Plaintiff has made no showing whatsoever of particularized need, and therefore the balancing test still weighs against him.  *See Rechtschaffer*, 2009 WL 773351, at *3.   Finally, in requesting the disclosure of all of the grand jury materials relating to his Criminal Case, Plaintiff has not shown that his "request is structured to cover only material so needed," *Douglas Oil*, 441 U.S. at 222.  This failure is not particularly surprising, because Plaintiff's "request" is based entirely on conjecture and he has not demonstrated any specific "need" for any of the grand jury materials, let alone any defined subset of them.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to unseal the grand jury materials related to Plaintiff Joseph Barone's criminal prosecution.[6]

Dated:  New York, New York
        March 6, 2015

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Federal Defendants

By:    /s/ Rebecca S. Tinio
       REBECCA S. TINIO
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Telephone:  (212) 637-2774

---

[6] If the Court is not inclined to deny Plaintiff's cross motion outright, the Court should, in lieu of ordering immediate disclosure of all of the requested grand jury materials, consider conducting an *in camera* review of the materials in order to better assess whether Plaintiff might have some particularized need, despite his failure to substantiate any such need in his submissions to date. *See, e.g.*, *Frederick*, 2012 WL 4947806, at *14 (ordering production of materials for *in camera* review).