UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH S. BARONE,<br><br>       Plaintiff,<br><br>              v.<br><br>UNITED STATES OF AMERICA, SPECIAL AGENTS MICHAEL GAETA, GREGORIO MICELI, AND MICHAEL TROMBETTA, in their official capacities as agents of the Federal Bureau of Investigation and in their individual capacities,<br><br>       Defendants. | ECF Case<br><br>12 Civ. 4103 (LAK) (MHD) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS THE AMENDED COMPLAINT**

                                PREET BHARARA
                                United States Attorney for the
                                Southern District of New York
                                Attorney for the Defendants
                                86 Chambers Street, 3rd Floor
                                New York, New York 10007
                                Telephone:  (212) 637-2774
                                Facsimile:  (212) 637-2702

       REBECCA S. TINIO
Assistant United States Attorney
       - Of Counsel -

Preet Bharara, United States Attorney for the Southern District of New York, on behalf of defendants the United States of America and Special Agents Michael Gaeta, Gregorio Miceli, and Michael Trombetta (in their official and individual capacities)[1], respectfully submits this reply memorandum of law in further support of Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  In his opposition to the motion to dismiss, Dkt. No. 63 ("Pl. Opp."), Plaintiff Joseph S. Barone fails to articulate any valid reason why the Court should not grant the requested relief to Defendants.

## ARGUMENT

### I. The Amended Complaint Fails to Satisfy the Applicable Pleading Standards Because, Among Other Reasons, It Relies on Conclusory Allegations Largely Pled "On Information and Belief"

First, Plaintiff incorrectly contends that "Defendants have not met their burden" in moving to dismiss the Amended Complaint.  Pl. Opp. at 5.  It is, in fact, Plaintiff's initial burden to allege "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which he has not done in the Amended Complaint.  Contrary to Plaintiff's suggestion, Defendants are not "asking the Court to exceed the limited scope of its review" in considering their motion to dismiss.  Pl. Opp. at 6.  Rather, Defendants simply (and accurately) observed in their opening brief that the motion to dismiss standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and that the Court need not – and should not – accept as true factual allegations that are not well-pleaded, but instead merely conclusory.  *See, e.g.*, *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true) (citation and internal

---

[1] Defendants Michael Gaeta and Gregorio Miceli are erroneously named in the Amended Complaint as "Michael Gatea" and "Gregory Miceli."

quotation marks omitted); *De Jesus v. Sears Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996) (in a motion to dismiss, a court should not accept conclusory allegations as true); *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (conclusory allegations "will not suffice to prevent a motion to dismiss").

The Amended Complaint fails to satisfy these pleading standards because, among other reasons, it relies primarily on exactly these types of impermissibly conclusory allegations, which are largely pled "on information and belief." *See* Dkt. No. 52 ("Am. Compl."). Indeed, in an (unsuccessful) effort to show that the Amended Complaint adequately pleads all of the elements of the claims asserted therein, Plaintiff cites throughout his opposition brief the following paragraphs from the Statement of Facts in the Amended Complaint: paragraphs 27, 36-42, 49-54, 57-58, 60-75, 79-84, and 86-92. *See* Pl. Opp., at 8-11, 13-14, 16-18. These forty-four paragraphs, only a subset of which allege any purported conduct by the Defendants, contain at least twenty-four "factual" allegations made on information or belief. *See* Am. Compl. ¶¶ 36-37, 57, 61-67, 69-75, 83-84, 87, 89-91. As discussed further herein, most of the allegations in the Amended Complaint that purport to detail Defendants' supposed misconduct are pled "on information and belief."

Plaintiffs may plead facts "on information and belief" in appropriate circumstances, "where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible," *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).[2] However, "such allegations must be

---

[2] Plaintiff suggests in his opposition that the conclusory allegations in the Amended Complaint survive Defendants' motion to dismiss because Defendants have "exclusive custody" of the knowledge of their own supposed misconduct, for example in the sealed grand jury materials relating to Plaintiff's criminal prosecution. *See* Pl. Opp., at 6, n.2. Defendants explain at length in their opposition to Plaintiff's cross motion to unseal grand jury materials, Dkt. No. 68, why Plaintiff has failed to articulate a particularized need for those materials, and why he cannot

accompanied by a statement of the facts upon which the belief is founded." *JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 527 (S.D.N.Y. 2013).  As discussed further herein, the Amended Complaint generally offers "nothing but conjecture and speculation to support [Plaintiff's] belief about defendants' culpability." *Id.*; *see also, e.g.*, *Fillmore East BS Fin. Subsidiary LLC v. Capmark Bank*, 552 Fed. Appx. 13, 18 (2d Cir. 2014) ("the conclusory allegation on information and belief that the observed conduct was the product of . . . [culpable conduct is] insufficient to make the claim plausible") (alteration in the original); *Kajoshaj v. City of New York*, No. 11-cv-4708, 2013 WL 249408, at *2 (E.D.N.Y. Jan. 23, 2013) (plaintiffs' allegation "[u]pon information and belief," absent any "specific factual allegations," was "a bare conclusion [that] cannot survive a motion to dismiss"); *D.F. v. Bd. of Educ. of Syosset Cent. Sch. Dist.*, 386 F. Supp. 2d 119, 128 (E.D.N.Y.) (plaintiff's allegation "upon information and belief," without "any set of facts in support of his allegations," was "wholly conclusory[] and . . . insufficient to defeat a motion to dismiss").  Plaintiff's reliance on conclusory allegations pled "on information and belief" highlights the paucity of well-pleaded allegations in the Amended Complaint and, as discussed herein, the appropriateness of dismissal pursuant to Rule 12(b)(6).

## II.     Plaintiff's Claims for Malicious Prosecution Should Be Dismissed

Moving to the specific claims asserted in the Amended Complaint, Plaintiff's malicious prosecution claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), are not well-

---

demonstrate that need simply because he has "[a] generalized desire for discovery needed" to prove his malicious prosecution claim." *Alvarado v. City of New York*, No. CV-04-2558 (NGG) (VVP), 2006 WL 2252511, at *3 (E.D.N.Y. Aug. 5, 2006).  Moreover, it simply cannot be the case that when Plaintiff alleges "on information and belief" and without reference to any supporting facts that, for example, Defendants "decided that they could use Plaintiff for their own personal benefit," Am. Compl. ¶ 37, this allegation survives a motion to dismiss on the theory that Defendants have "exclusive" knowledge of whether or not this accusation is true.

pleaded and should be dismissed under Rule (12)(b)(6). Plaintiff must adequately plead each of the four elements of the claim, Pl. Opp. at 6-7, which he does not do.

First, Plaintiff agrees that because the grand jury returned an indictment in his criminal case, he must overcome the presumption of probable cause that flows from the indictment. *Id.* at 7. He is wrong in contending that the Amended Complaint successfully does so. Plaintiff points to twenty-three paragraphs in the Amended Complaint that he contends rebut the presumption, which contain <u>seventeen</u> allegations "on information and belief." Pl. Opp. at 8; Am. Compl. ¶¶ 36-37, 61-67, 69-75. More importantly, these paragraphs contain little more than conclusory speculations about the supposed motives of the Agent Defendants, *id.* ¶¶ 36-37, an unexplained assertion that Defendants "worked out a deal . . . to entrap Plaintiff," *id.* ¶ 53, irrelevant allegations about supposed pressure to make risky phone calls, *id.* ¶¶ 61-63, and bare assertions that the Agent Defendants provided unidentified false testimony to the grand jury and at trial, *id.* ¶¶ 64-65.[3] Plaintiff also focuses on the supposed withholding of purportedly "exculpatory" evidence, most of which simply relates to his history as an FBI informant and does not affect the presumption of probable cause relating to the specific crimes for which Plaintiff was indicted. *Id.* ¶¶ 66-75. The Court can disregard the majority of these allegations as impermissibly conclusory; the remaining allegations, if any, do not suffice to overcome the presumption of probable cause for the crimes for which Plaintiff was indicted.[4]

---

[3] As explained in Defendants' opening brief and also in their opposition to Plaintiff's cross motion to unseal grand jury testimony, Plaintiff cannot maintain any malicious prosecution claim against the Agent Defendants or the United States arising from the Agent Defendants' supposedly false testimony before the grand jury, in the wake of the Supreme Court's decision in *Rehberg v. Paulk*, 132 S.Ct. 1497 (2012). *See* Dkt. No. 58 ("Def. Mot."), at 12 n.5; Dkt. No. 68, at 7-8, 8 n.4.

[4] Plaintiff attempts to distinguish the cases cited by Defendants in their opening brief on the ground that they are mostly summary judgment cases, Pl. Opp. at 8, but Defendants cite those cases not for the standard of review but to explain Plaintiff's burden to rebut the presumption of

4

Nor does the Amended Complaint adequately plead the required element of malice, or that the Agent Defendants "continued" the criminal proceeding against Plaintiff, with respect to Plaintiff's allegations of Defendants' supposed post-indictment conduct. Pl. Opp. at 9. As to the malice element, many of the paragraphs to which Plaintiff cites, *id.*, do not actually allege malicious intent by the Agent Defendants. *See, e.g.*, Am. Compl. ¶¶ 38-42, 49-52, 73-74, 79-84. The paragraphs that do allege supposed bad intent on the part of the Agent Defendants are wildly conclusory and largely pled on information and belief. *See, e.g., id.* ¶¶ 36-37, 61-67. The paragraphs that supposedly plead the "continuation" element are also conclusory and largely irrelevant. Pl. Opp. at 9; Am. Compl. ¶¶ 27, 50-52, 60, 64-48, 75. Plaintiff contends that the Amended Complaint adequately alleges that the Agent Defendants "misle[d] the prosecutors" by withholding exculpatory evidence and providing unidentified false evidence. Pl. Opp. at 10-11. These allegations fall short of pleading, however, that the Agent Defendants "played an active role in the prosecution, such as giving advice and encouragement importuning the authorities to act," as required to assert a malicious prosecution claim against an officer for post-indictment conduct. *See Mitchell v. Victoria Home*, 434 F. Supp. 2d 219, 228 (S.D.N.Y. 2006).[5]

---

probable cause. *See* Def. Mot. at 10-11. Notably, Plaintiff himself fails to cite a single case allowing malicious prosecution claims to survive a motion to dismiss. Pl. Opp. at 7-9. In any event, courts in this Circuit routinely dismiss malicious prosecution claims pursuant to Rule 12(b)(6), because the plaintiff has failed to adequately plead each element of the claim. *See, e.g., Sooklal v. Gerbino*, No. 14 Civ. 0430 (JMF), 2014 WL 6611492 (S.D.N.Y. Nov. 21, 2014); *King v. City of New York*, Nos. 12-CV-2344 (NGG) (RER), 13 CV-0037 (NGG)(RER), 2014 WL 4954621 (E.D.N.Y. Sept. 30, 2014); *Fanelli v. City of New York*, No. 13 Civ. 1423 (KBF), 2013 WL 6017904 (S.D.N.Y. Nov. 1, 2013).

[5]Moreover, claims arising from the selection of witnesses to testify at trial or before the grand jury, for example witnesses more or less likely to provide exculpatory evidence, are properly directed at prosecutors, not law enforcement officers or agents. *See, e.g., Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (prosecutorial functions entitled to absolute immunity include the selection of witnesses to testify before the grand jury or the court).

Finally, with respect to Plaintiff's *Bivens* claim for malicious prosecution, as Defendants argued in their opening brief, the Amended Complaint fails to adequately allege the personal involvement of the individual Defendants. Def. Mot. at 13-14. Many of the allegations in the Amended Complaint that mention the Agent Defendants are pled, again, on information and belief. *See, e.g.*, Am. Compl. ¶¶ 37, 61-66, 72-73, 89-90. These types of conclusory allegations, without accompanying statements of fact upon which the allegations are based, do not adequately plead personal involvement. *See, e.g.*, *Brown v. New York*, 975 F. Supp. 2d at 209, 230 (N.D.N.Y. 2013) (dismissing claims against individual defendants where personal involvement was pled only on information and belief).

For all of these reasons, Plaintiff fails to show that the Amended Complaint states a claim for malicious prosecution either under *Bivens* or the FTCA.

### III. The Court Should Dismiss Plaintiff's Tort Claims for Negligent and Intentional Infliction of Emotional Distress, and Prima Facie Tort

Next, the Amended Complaint fails to adequately plead the elements of negligent and intentional infliction of emotional distress, or, in the alternative, prima facie tort. Notably, in his opposition, Plaintiff makes no attempt to match up specific paragraphs in the Amended Complaint with the elements of these torts; indeed, Plaintiff does not even mention the elements of negligent and intentional infliction of emotional distress. Pl. Opp. at 12-15. As argued in Defendants' opening brief, the Amended Complaint fails to plead the complete elements of any one of these torts. *See* Def. Mot. at 16-17, 18-19.

For example, the Amended Complaint does not plead the elements of intentional infliction of emotional distress, the requirements of which are "rigorous[] and difficult to satisfy," *Cruz v. HSBC Bank USA, N.A.*, 586 Fed. Appx. 723, 725-26 (2d Cir. 2014); "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in

6

degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*  The allegations in the Amended Complaint relating to "intent to cause severe emotional distress" and Plaintiff's supposed "severe emotional distress," *see Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996), for example, are highly conclusory.

The Amended Complaint similarly fails to plead the elements of prima facie tort.  For example, Plaintiff fails to allege, as required, that Defendants acted "with the sole intent to harm" Plaintiff.  *See, e.g.*, *Twin Labs., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 571 (2d Cir. 1990).  The touchstone of this element is "disinterested malevolence," *id.*, and other motives, "such as profit [or] self-interest," will defeat the claim.  *Id.*  The Amended Complaint, in fact, alleges that the Agent Defendants supposedly acted "for their own personal benefit," Am. Compl. ¶¶ 36-37, so the allegations of the Amended Complaint itself doom the prima facie tort claim to failure.  In addition, the Amended Complaint completely fails to plead "special damages," which "must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts."  *Goodfellow v. Allstate Indem. Co.*, No. 14-CV-642S, 2014 WL 7384239, at *3-4 (W.D.N.Y. Dec. 29, 2014); *see also, e.g.*, *Massre v. Bibyan*, No. 12 Civ. 6615 (KPF), 2014 WL 2722849, at *7 (S.D.N.Y. June 16, 2014).

Finally, the Amended Complaint does not state a claim for negligent infliction of emotional distress, under the "direct duty" theory of that claim.  Def. Mot. at 16-17.  First, Plaintiff does not successfully plead or establish that Defendants owed him a duty not to reveal his identity as a confidential informant.  Pl. Opp. at 13-14.  None of the authorities Plaintiff cites in his opposition brief establishes such a duty; for the purposes of a negligent infliction claim, the duty must be a "special duty" that is directed not to a class of people, like all confidential

7

informants, "but rather must be specific to the particular plaintiff." *See St. John v. Rein Teen Tours, Inc.*, No. 99 Civ. 2537 (MBM), 2000 WL 977685, at *2 (S.D.N.Y. July 17, 2000).[6] The Amended Complaint nowhere pleads such a "special duty" owed specifically to Plaintiff. Furthermore, the Amended Complaint inadequately pleads any resulting "unreasonable" physical danger, which must be an objective, actual endangerment, not a subjectively perceived one. *See St. John*, 2000 WL 977685, at *3. Therefore, Plaintiff fails to establish, in his opposition, that the Amended Complaint sufficiently pleads the element of any of these three tort claims.[7]

### IV. Plaintiff's Negligence Claim Relating to His Confinement in the SHU Should Be Dismissed

Defendants' opening brief explained that Plaintiff could not assert a new tort claim arising from his confinement in the SHU because the Court had dismissed that claim with prejudice. *See* Def. Mot. at 17. Indeed, the Court held that it lacked subject-matter jurisdiction over any such claim premised on Plaintiff's confinement in the SHU, because the decision whether to house an inmate in the SHU was covered by the discretionary function exception to the FTCA's waiver of sovereign immunity. Dkt. No. 47, at 31-32. In his opposition, Plaintiff attempts to recast his tort claim relating to the SHU, contending that it is "a basic negligence claim . . . for the mental and physical injuries that Barone suffered while in the care of agents of

---

[6] Moreover, Plaintiff cites no on-point authority for the proposition that the Government has a duty to perpetually protect the identities of its confidential informants, which the Government may choose to reveal in some circumstances. It is well established, after all, that the identities of confidential informants are subject only to a qualified privilege. *Roviaro v. United States*, 353 U.S. 53, 59 (1957).

[7] Plaintiff also incorrectly contends that the FTCA limitations period is not jurisdictional. Pl. Opp. at 14, n.5. The two-year limitations period under the FTCA is, in fact, jurisdictional. *See, e.g., See, e.g., Gilvar v. United States*, No. 11-2951-cv, 2012 WL 833674, at *1 (2d Cir. Mar. 14, 2012) (affirming dismissal of FTCA suit because "Plaintiffs' administrative claims had not been filed within two years of accrual – a jurisdictional defect for a suit filed under the FTCA. . . . Because the question of timeliness is jurisdictional, the plaintiff bears the burden of pleading and proving timeliness.").

the United States government." Pl. Opp. at 15.  This purported distinction is belied by the actual allegations in the Amended Complaint, which refer to Plaintiff's objections to his placement in the SHU.  *See* Am. Compl. ¶¶ 128-130.  These allegations are precluded by the Court's prior ruling.  *See* Dkt. No. 47, at 31-32.  The remaining negligence allegations relating to Plaintiff's confinement in the SHU, complaining of prison conditions and Plaintiff's treatment, are totally conclusory; the only relevant allegation is that "the United States, acting through its BOP agents and FBI agents, negligently breached its duties to Plaintiff, by *inter alia* failing to furnish sanitary conditions within the facility, by failing to provide him adequate medical care and treatment, and by failing to provide adequately for Plaintiff's health and security."  Am. Compl. ¶ 132.  Nowhere does the Amended Complaint identify specific alleged unsanitary conditions, specific alleged failures to provide medical care, or specific alleged failures to safeguard Plaintiff's security.  Therefore, the Amended Complaint fails to state a claim for negligence with respect to Plaintiff's confinement in the SHU, and this claim should be dismissed.

## V. Plaintiff's *Bivens* Claim Relating to His Detention in the SHU Should Be Dismissed for Failure to State a Claim

Lastly, the Amended Complaint fails to state a *Bivens* claim for violation of Plaintiff's due process rights under the Fifth Amendment[8], relating again to his confinement in the SHU.  Inmates have a protected liberty interest in not being confined in the SHU, but only "when such punishment imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004).  "In other

---

[8] Plaintiff asserts that "the allegations in the Amended Complaint also state a cause of action against Defendants for cruel and unusual punishment."  Pl. Opp. at 18 n.7.  However, a period of confinement in the SHU "does not rise to a level of constitutional significance under the Eighth Amendment" unless the plaintiff alleges something other than ordinary conditions, which the Amended Complaint does not do in anything but conclusory fashion.  *Harris v. Taylor*, No. 9:09-CV-0705 (LEK/GHL), 2010 WL 3021531, at *7 (N.D.N.Y. July 14, 2010).

words, actions under the Due Process Clause are reserved for prisoners enduring a hardship that is substantially more grave than hardships they would be likely to endure simply as a consequence of the ordinary administration of the prison." *Welch v. Bartlett*, 196 F.3d 389, 392 (2d Cir. 1999). As discussed in Defendants' opening brief, the Amended Complaint does not plead any such "atypical and significant hardships" in anything but the most conclusory of terms, and makes only the barest attempt to plead any personal involvement on the part of the individual Defendants. Def. Mot. at 14-15.[9] Therefore, for these reasons and the reasons stated in Defendants' opening brief, this claim should be dismissed. *See, e.g.*, *Fleming v. Goord*, No. 9:11-CV-1026 (LEK/RFT), 2013 WL 317059, at *4-6 (N.D.N.Y. Jan. 28, 2013) (dismissing conclusory allegations regarding to confinement in the SHU and failing to plead personal involvement); *Durran v. Selsky*, 251 F. Supp. 2d 1208, 1213-15 (W.D.N.Y. 2003).[10]

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendants' opening brief, the Court should dismiss the Amended Complaint for failure to state a claim.

---

[9] Plaintiff's claim that he was deprived of due process is also doubtful in light of the fact that he was able to raise complaints about his confinement in the SHU before the district judge who handled his criminal case, who concluded that Plaintiff himself refused to be transferred to general population in a different facility. *See* Dkt. No. 22, at 4 n.4; *see also id.* at 10 n.6.

[10] Defendants oppose Plaintiff's request for yet further leave to amend, should the Court dismiss the Amended Complaint. Pl. Opp. at 6, n.2. The Court "has the discretion to deny leave [to amend] if there is a good reason for it." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). In this case, Plaintiff has already had two opportunities to plead his claims and there is no reason to believe that the allegations in yet another amended complaint would be substantially different or more well-founded.

Dated: New York, New York  
       March 6, 2015

Respectfully submitted,

PREET BHARARA  
United States Attorney for the  
Southern District of New York  
Attorney for Federal Defendants

By:   /s/ *Rebecca S. Tinio*  
REBECCA S. TINIO  
Assistant United States Attorney  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Telephone: (212) 637-2774  
Facsimile: (212) 637-2702

11