UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOSEPH S. BARONE

                        Plaintiff,

-against-                                  **12 CV 4103 (LAK)(MHD)**

UNITED STATES OF AMERICA, SPECIAL AGENTS
MICHAEL GAETA, GREGORIO MICELI, AND MICHAEL
TROMBETTA in their official capacities as agents of the
Federal Bureau of Investigation and in their individual
capacities,

                        Defendants.
------------------------------------------------------------------------x


## PLAINTIFF'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF PLAINTFF'S
## CROSS MOTION TO UNSEAL GRAND JURY MATERIALS


HERZFELD & RUBIN, P.C.
125 Broad Street
New York, New York 10004
Tel: (212) 471-8500
Fax: (212) 344-3333

*Attorneys for Plaintiff*
*Joseph S. Barone*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

ARGUMENT .................................................................................................................................. 1

CONCLUSION .............................................................................................................................. 6

# TABLE OF AUTHORITIES

Page

**Cases**

*Anilao v. Spota*, 918 F. Supp. 2d 157 (E.D.N.Y. 2013) ............................................................... 2, 5

*Brady v. Maryland*, 373 U.S. 83 (1963) ........................................................................................ 1, 5

*Coggins v. Buonora*, 776 F.3d 108, 2015 U.S.
    App. LEXIS 487 (2d Cir. January 13, 2015) ........................................................................... 2

*Colon v. City of New York*, 60 N.Y.2d 78 (1983) ............................................................................ 4

*Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211 (1979) ................................................. 1

*Ervin v. Bronx Leb. Hosp. Ctr.*, 17 A.D.3d 301 (1st Dep't 2005) .................................................... 4

*Kirchner v. County of Niagara*, 107 A.D.3d 1620 (4th Dep't 2013) .......................................... 3, 4

*Maitland v. City of New York*, No. 13 Civ. 2807 (WFK)(VVP),
    2014 U.S. Dist. LEXIS 7816 (E.D.N.Y. Jan. 22, 2014) ............................................................ 4

*Matter of Maitland*, No. 2312/2011, 2013 N.Y. Misc. LEXIS 4019 (N.Y. Sup. Ct. Kings Co.
    Sept. 5, 2013) ......................................................................................................................... 3, 4

*Palmer v. Estate of Walwyn Stuart*, No. 02 Civ. 4076 (LTS)(GWG), 2004
    U.S. Dist. LEXIS 21788  (S.D.N.Y. 2004) .............................................................................. 5, 6

*People v. Bonelli*, 945 N.Y.S.2d 539 (N.Y. Sup. Ct. 2012) ............................................................ 3

*Rehberg v. Paulk*, 132 S. Ct. 1497 (2012) ................................................................................... 2, 3

*Toker v. Pollak*, 44 N.Y.2d 211 (N.Y. 1978) .................................................................................. 4

**Other Authorities**

18 U.S.C. § 3500 ............................................................................................................................ 1, 5

Plaintiff Joseph S. Barone ("Barone"), through his attorneys Herzfeld & Rubin, P.C., hereby submits this Reply Brief in Further Support of Plaintiff's Cross Motion to Unseal Grand Jury materials. For the reasons set forth below in Barone's Memorandum of Law dated January 29, 2015 (ECF Dckt No. 63) and as further set forth below, Plaintiff's motion to unseal grand jury records should be granted, as Defendants fail to articulate any valid reasons why the Court should not grant Barone's cross motion.

## ARGUMENT

In his moving papers, Barone demonstrated a particularized need for the grand jury materials from his underlying criminal case and established that this need outweighs the need for grand jury secrecy, satisfying the test set forth in *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979). Defendants do not offer any evidence to dispute any factual assertion in the declaration submitted in support of Barone's cross-motion. Most notably, defendants do not (because they cannot) dispute the factual predicate from which this Court, respectfully, can and should logically deduce that materially exculpatory evidence was withheld from the grand jury, and that the indictment was wrongfully procured. Defendants characterize this sound logic as "speculation" but do not dispute that that the government, in fact, did not turn over to Barone's defense counsel any grand jury testimony under *Brady v. Maryland*, 373 U.S. 83 (1963) or the Jencks Act, 18 U.S.C. § 3500, including with respect to Barone's FBI "handlers," who were prosecution witnesses in the underlying criminal trial. Defendants are, of course, in the best position to dispute these facts since they have exclusive access to the relevant information from the prosecution file.

Defendants, moreover, do not substantially dispute Barone's showing the absence of "need for continued secrecy," the second prong of the *Douglas Oil* test, because they cannot do so. Nor can defendants dispute the demonstrable and significant public interest in, and attention

to, Barone's case. These undisputed facts, among other things, establish that Barone's case is sufficiently unique and "unusual" to justify an order disclosing the Grand Jury materials. *See Anilao v. Spota*, 918 F. Supp. 2d 157, 181 (E.D.N.Y. 2013).

Having essentially admitted the predicate for Barone's cross-motion, defendants now argue that the case of *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012) ("*Rehberg*") gives defendants blanket immunity from liability for malicious prosecution, under both *Bivens* and the FTCA. Therefore, defendants argue, even if defendants misled the grand jury or committed outright perjury, the grand jury materials are irrelevant to Barone's claims. This argument completely misses the mark for several reasons.

*First*, defendants overstate the expressly limited holding in *Rehberg*. *Rehberg* does not immunize federal officers from all liability merely because they testified before a grand jury nor does it preclude the disclosure or evidentiary use of grand jury materials and testimony in all cases. The Second Circuit, in fact, very recently rejected the same arguments by a law enforcement officer which defendants attempt to make here. *See Coggins v. Buonora*, 776 F.3d 108, 2015 U.S. App. LEXIS 487, *10 (2d Cir. January 13, 2015). In *Coggins*, the Second Circuit was concerned about an unduly broad application of the immunity granted in *Rehberg* and thereby setting a "dangerous precedent." *Coggins*, 2015 U.S. App. LEXIS 487 at *10. As the Second Circuit cautioned:

> Any police officer could immunize for § 1983 purposes any unlawful conduct prior to and independent of his perjurious grand jury appearance merely by testifying before a grand jury. Such an outcome would also be inconsistent with the limitations *Rehberg* explicitly imposes on the scope of the absolute immunity, which the Supreme Court instructed was not to "extend[] to all activity that a witness conducts outside of the grand jury room."

*Id.* (*citing Rehberg*, 132 S.Ct. at 1507 n.1.). Here, as in *Coggins*, the allegations supporting Barone's *Bivens* claims are not limited to defendants' perjurious Grand Jury testimony but

2

extend to activity that occurred outside the grand jury room, including the withholding of exculpatory evidence from prosecutors, as Barone previously explained in his Memorandum of Law in Opposition to Defendants' Motion and in Support of Cross Motion, to which this Court is respectfully referred.  (See ECF Dckt No. 63, at 10-12).

*Second*, whatever immunity *Rehberg* may give to the federal agents with respect to a *Bivens* claim, *Rehberg* does not preclude Barone's claims against the United States for malicious prosecution under the FTCA, to which New York *state* law applies.  (Opp. at 8).  New York state law does not grant absolute immunity to grand jury witnesses in malicious prosecution cases. *See Kirchner v. County of Niagara*, 107 A.D.3d 1620, 1622 (4th Dep't 2013) (denying dismissal of complaint in malicious prosecution case against county where it was alleged that, among other things, medical examiner testified falsely before the Grand Jury). Furthermore, New York state courts have expressly recognized that *Rehberg* did not create a substantive immunity from civil liability for false Grand Jury testimony under New York law.  *See Matter of Maitland*, No. 2312/2011, 2013 N.Y. Misc. LEXIS 4019, 7-8 (N.Y. Sup. Ct. Kings Co. Sept. 5, 2013) (*Rehberg* is based on "common law concepts with which New York State courts are free to diverge."). Simply put, *Rehberg* did not change or impact New York state law.[1]

Moreover, as even defendants have argued, well-settled New York law *requires* that a plaintiff establish that the indictment was produced by "*fraud, perjury, the suppression of evidence* or other police conduct undertaken in bad faith" to overcome the presumption of probable cause in a malicious prosecution case after an indictment. *Colon v. City of New York*,

---

[1] The trial court in *People v. Bonelli*, 945 N.Y.S.2d 539 (N.Y. Sup. Ct. 2012), a case cited by defendants (Opp. at 8) thus fundamentally misapplied *Rehberg* in declining to disclose Grand Jury minutes under NY criminal procedures.  *See Matter of Maitland*, 2013 N.Y. Misc. LEXIS 4019, at 4-5 (distinguishing *Bonelli* on grounds that it did not consider claims under New York state law*).  Maitland* and *Bonelli* are the only two New York State cases to date that have considered the impact of *Rehberg*, if any, to New York state law.

3

60 N.Y.2d 78, 83 (1983)(emphasis added).  This too continues to be the law in New York after *Rehberg*.  *See Maitland v. City of New York*, No. 13 Civ. 2807 (WFK)(VVP), 2014 U.S. Dist. LEXIS 7816, *2-3 (E.D.N.Y. Jan. 22, 2014); *Matter of Maitland*, 2013 N.Y. Misc. LEXIS 4019, at *6-7; *Kirchner*, 107 A.D.3d at 1622.  Indeed, in ordering disclosure of grand jury materials in *Maitland*, U.S. Magistrate Judge Pohorelsky specifically recognized that proof of perjury in procuring an indictment is an element of a malicious prosecution claim under New York law, and that the best evidence of such perjury "would be the grand jury minutes." *Maitland v. City of New York*, 2014 U.S. Dist. LEXIS 7816 at *3.

Defendants attempt to argue that, under New York state law, "grand jury witnesses are also afforded absolute immunity from their own testimony" but the cases they cite do not support that proposition and defendants, again, misstate the law.  The only New York Court of Appeals case defendants cite, *Toker v. Pollak*, 44 N.Y.2d 211, 219 (N.Y. 1978), is a defamation case, not a malicious prosecution case. *Toker* merely confirms the traditional common law rule that a libel claim cannot be based on allegedly false communications made during a judicial proceeding. Indeed, the court in *Toker* specifically makes clear that *witnesses* themselves are not immune from all liability that may involve their testimony.  *Toker v. Pollak*, 44 N.Y.2d at 219 ("Communications afforded an absolute privilege are perhaps more appropriately thought of as cloaked with an immunity, rather than a privilege against the imposition of liability in a defamation action.").[2]  In any event, *Toker* is inapplicable here because, obviously, this is not a libel case.

---

[2] Similarly, the case of *Ervin v. Bronx Leb. Hosp. Ctr.*, 17 A.D.3d 301, 302 (1st Dep't 2005), also cited by defendants, is not a malicious prosecution case but a claim for making a false or negligent claim of child abuse.

4

Notably, defendants do not (because they cannot) argue in their motion to dismiss that the United States is immune from FTCA liability for perjurious grand jury testimony under New York State law, and raise the argument for the first and only time in opposition to Barone's cross motion.[3]  In any event, whether or not New York law may immunize grand jury witnesses from their own perjury is beside the point because, as noted above and previously, Barone's claims are not based solely on grand jury or courtroom witness testimony but extend to defendants' activity outside of the grand jury room, including the withholding of exculpatory evidence from prosecutors. (See ECF Dckt No. 63, at 10-12).

In light of the need shown by Barone for the grand jury materials to avoid injustice, defendants fail to offer, let alone substantiate, any countervailing need for continued grand jury secrecy in this case.  Defendants speculate that disclosure in this case may have an effect on "the functioning of future grand juries" (Opp. at 10) but offer utterly no explanation nor substantiation of that claim.  As Barone explained in his moving brief, to the extent some future grand jury witnesses might be fearful that their testimony may be disclosed, such concerns should be given little weight, especially in light of *Brady v. Maryland* and its progeny and the Jencks Act, since no modern grand jury witnesses can ever reasonably expect complete secrecy of their testimony. *See Palmer v. Estate of Walwyn Stuart*, No. 02 Civ. 4076 (LTS)(GWG), 2004 U.S. Dist. LEXIS 21788, at *13 (S.D.N.Y. 2004); *Anilao*, 918 F. Supp. 2d at 179-180; *Brady v. Maryland*, 373 U.S. 83 (1963); 18 U.S.C. § 3500. This is particularly true of "future" law enforcement officers who must testify "as part of their regular job duties as public servants" and

---

[3] Even more notably perhaps, defendants did not cite to or rely on *Rehberg* at all in their initial motion to dismiss papers and cited the case for the first time in their reply, which is improper.  Moreover, Defendants buried their entire argument that the agent-defendants are absolutely immune under *Bivens* for their grand jury testimony in a single, brief footnote. (Defendants' Opening Brief at 12, n. 5).

5

therefore will have no personal claim or expectation to the secrecy of their testimony. *See Palmer*, 2004 U.S. Dist. LEXIS 21788, at *13.

Lastly, contrary to defendants' argument, Barone's request for grand jury materials is "structured to cover only material so needed" to avoid injustice in this unique case. (Opp. at 10). To establish his claims for malicious prosecution under the FTCA and *Bivens*, including to overcome any presumption of probable cause, and to establish the defendants' withholding of materially exculpatory evidence, Barone needs, at a minimum, the identity of all grand jury witnesses, as well as testimony from Special Agent Gaeta and other FBI agents who might have testified. As previously discussed, Barone concludes -- based on *logic*, not speculation -- that Special Agents Presutti and Trombetta did not testify before the Grand Jury. Obviously, unlike the defendants, Barone does not have access to any information about the Grand Jury and it is circular reasoning, if not disingenuous, for the defendants to suggest otherwise. To the extent the Court requires a further narrowing of the scope of disclosure, such narrowing can, respectfully, be accomplished by the Court, by reviewing the materials in camera before disclosure to Barone, or by Barone if he is granted access to the materials, either in whole or in part.

## CONCLUSION

For these reasons, Barone respectfully requests that the Court grant Barone's cross motion to unseal the grand jury materials from his criminal trial in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: March 16, 2015

        HERZFELD & RUBIN, P.C.
*Attorneys for Plaintiff,*
*Joseph S. Barone*


/s/ Mark A. Weissman
Mark A. Weissman
Lawton W. Squires
125 Broad Street
New York, New York 10004
Tel: (212) 471-8500
Fax: (212) 344-3333