UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOSEPH S. BARONE

                               Plaintiff,

       -against-                               **12 Civ. 4103 (LAK)(AJP)**

UNITED STATES OF AMERICA, SPECIAL AGENTS
MICHAEL GAETA, GREGORIO MICELI, AND MICHAEL
TROMBETTA in their official capacities as agents of the
Federal Bureau of Investigation and in their individual
capacities,

                               Defendants.
------------------------------------------------------------------------x

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

       Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.1, Plaintiff Joseph S. Barone ("Barone"), objects, in part, to the Report and Recommendation (R&R) (ECF Doc. No. 72) of the Honorable Magistrate Judge Michael H. Dolinger, filed October 29, 2105.  While the Magistrate Judge correctly recommended denial of defendants' motion to dismiss Barone's First, Sixth and Seventh Causes of Action in the Amended Complaint (ECF Doc. No. 52)("AC"), the Magistrate Judge, respectfully, erred in recommending that the Court dismiss Barone's Second, Third and Fourth Causes of Action under the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq*., (FTCA) for intentional infliction of emotional distress, negligent infliction of emotional distress and *prima facie* tort respectively.[1]

---

[1] In his R&R, the Magistrate Judge dismissed, without prejudice, Barone's Fifth Cause of Action for Negligence under the FTCA, granting Barone leave to further replead the cause of action within thirty days after disposition of the motion.  (R&R at 58-59).

## Background

This is a civil rights action seeking redress for the federal government's egregious mistreatment of a long-term confidential informant to the FBI in the violent world of organized crime. In January 2009, following almost 18 years of dedicated and undisputedly valued service to the FBI, federal agents arrested and prosecuted Joseph Barone on false charges that he had participated in a murder plot, placed him and his family in the gravest danger and distress by publicly leaking his status as a mob informant, and tossed him into segregated housing where he was isolated and abused while awaiting trial, among numerous other serious abuses. In 2010, following a highly publicized trial in the Southern District of New York, a jury acquitted Barone of the most serious charge against him, and all remaining charges were dismissed. Barone brought this action seeking damages for the abuse and injuries he suffered at the hands of the United States and its law enforcement agent, and the destruction of Barone's life and livelihood.

The Amended Complaint sets forth seven causes of action. Counts One, Two, Three and Four are claims against the United States under the Federal Tort Claim Act, respectively for (1) malicious prosecution by US law enforcement agents, (2) intentional infliction of emotional distress by law enforcement agents, (3) negligent infliction of emotional distress by law enforcement agents and others; (4) New York *prima facie* tort by law enforcement agents. Count Five is a negligence claim under the FTCA against the United States for injuries suffered by Barone while under the care of US agents and employees, including bureau of prison officials, medical professionals, law enforcement officials and others. Count Six is a claim against the individual defendants, personally, under *Bivens* for malicious prosecution in deprivation of Barone's Fifth Amendment rights. Count Seven is a claim against the individual defendants, personally, under *Bivens*, for depriving Barone of his substantive and procedural due

process rights under the Fifth Amendment, and of his constitutional right to be free from cruel and unusual punishment.

## ARGUMENT

I. **The Magistrate Judge Erred in Recommending Dismissal of the Third Cause of Action for Negligent Infliction of Emotional Distress.**

In his Third Cause of Action, Barone asserts a claim against the United States under the FTCA for negligent infliction of emotional distress based on *inter alia* the leaking of Barone's identity as a Confidential Informant by federal agents to the press and public, at a time when the agents had a duty to keep secret Barone's identity and status as a Confidential Informant, and to otherwise protect him from harm. (AC ¶¶ 111-118). Defendants had moved to dismiss this claim based on their contention that federal agents do not have a duty to keep confidential the identity and status of Confidential Informants, such as Barone. (Def. Br.[2] at 16). Notably, defendants did not argue that the claim was barred by the discretionary function exception of the FTCA.

In the R&R, however, the Magistrate Judge ruled that Barone's claim for negligent infliction of emotional distress was barred by the discretionary-function exception of the FTCA. (R&R at 47-48). Recommending dismissal on that basis, the Magistrate Judge mischaracterized Barone's claim as a "claim that Government employees have negligently decided to pursue prosecution." *Id.* This was error, based on an apparent misunderstanding of the thrust and basis of Barone's claim.[3]

---

[2] Defendants' Memorandum of Law in Support of Motion to Dismiss (ECF Doc. No. 58) is cited herein as "Def. Br. at __."

[3] Upon proper objection, a Magistrate Judge's report and recommendation on a dispositive motion, as here, is subject to *de novo* review. *See* 28 U.S.C. § 636(b)(1)(C) (2015).

The Magistrate Judge apparently misunderstood the claim to be based solely on the disclosure of Barone's identity and confidential status during the course of Barone's prosecution and public criminal trial. (R&R at 47-48). Thus, the Magistrate Judge interpreted the claim as one based on agents disclosing Barone's name in the ordinary course of exercising discretion to prosecute him. (R&R at 48).

The Third Cause of Action, however, is not based on federal agents' "charging [Barone] with crimes that triggered a 'sensationalized trial,'" nor merely a rehash of the malicious prosecution claims. (R&R at 48). Barone's claim is, instead, based on the agents' improper leaking of Barone's identity and status *prior to, and separate from,* the return of Barone's indictment in October 2009 and the commencement of the public criminal trial thereafter (AC ¶¶ 76, 90, 105). In other words, the improper disclosures occurred *not* during Barone's public prosecution but instead during the time when federal agents, including but not limited to the named individual defendants, had an undisputable special duty to Barone to protect his identity and status as a Confidential Informant, and to protect him from physical and emotional harm that would befall him in the event of disclosure, as a matter of both non-discretionary law and federal policy. (AC ¶ 113-114). *See* Fed. R. Crim. P. 6(e)(2); *McIntyre v. United States*, 367 F.3d 38, 54 (1st Cir. 2004) ("The FBI Manual requires agents to exercise constant care to ensure that an informant's identity is not disclosed, whether intentionally or inadvertently."); *Leonhard v. United States*, 633 F.2d 599, 614 (2d Cir. 1980) ("The procurement of testimony against alleged members of organized crime will normally require appropriate protection of both the informant and his family."); *Socialist Workers Party v. Attorney Gen. of United States*, 458 F. Supp. 895, 907 (S.D.N.Y. 1978) ("The FBI asserted that it owed the duty of confidentiality to the informants

to protect them from embarrassment and harm."), *vacated on other grounds, In re Attorney Gen. of United States*, 596 F.2d 58 (2d Cir. 1979).[4]

Therefore, since liability of the United States does not arise from the exercise of a discretionary function, the discretionary-function exception is inapplicable to Barone's Third Cause of Action under the FTCA for negligent infliction of emotional distress, as the United States has tacitly conceded.

## II. The Magistrate Judge Erred in Recommending Dismissal, as Time Barred, of the Second and Fourth Causes of Action for Intentional Infliction of Emotional Distress and *Prima Face* Tort.

The Magistrate Judge further erred in ruling that Barone's claims for intentional infliction of emotional distress and *prima facie* tort were time barred. In so ruling, the Magistrate Judge recognized that the tolling under the "continuing tort doctrine" may be available in an FTCA action, especially in the context of a claim for intentional infliction of emotional distress. (R&R at 57). Indeed, the Second Circuit has very recently endorsed the application of tolling under the continuing tort doctrine applying federal law in the comparable circumstance of a *Bivens* suit.[5] *See Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015); (R&R 46 n.19). However, the Magistrate Judge erroneously determined, in this case, that none of the alleged wrongful acts "took place less than two years before plaintiff filed his agency claims, and all of them describe

---

[4] *See also Velez v. City of New York*, 730 F.3d 128, 131 (2d Cir. 2013) (*quoting Schuster v. City of New York*, 5 N.Y.2d 75, 81, 154 N.E.2d 534, 180 N.Y.S.2d 265 (1958)) ("A duty to protect those who collaborate with police officers in the arrest or prosecution of criminals arises 'once it reasonably appears that [the collaborators] are in danger due to their collaboration.'"); *Chang-Williams v. Dep't of the Navy*, 766 F. Supp. 2d 604, 623 (D. Md. 2011) (specific assurances and promises of protection may constitute affirmative acts that will support a special relationship, particularly when coupled with evidence of reliance).

[5] Significantly, following briefing of defendants' motion, in *United States v. Kwai Fun Wong*, __ U.S. __, 135 S. Ct. 1625, 1638 (U.S. 2015) the Supreme Court held that the two-year limitations period under the FTCA was "nonjurisdictional" and that tolling is available in an FTCA claim. Defendants' argument that Barone's claims were jurisdictionally time barred (Def. Br. at 19 n. 12) is therefore not sustainable.

discrete actions." Therefore, the Magistrate Judge held that the continuing tort doctrine did not apply here. (R&R at 58). This too was error.

Barone's claims against the United States for intentional infliction of emotional distress and *prima facie* tort satisfy the "continuous nature" requirement such that the limitation period for his claims should respectfully have been tolled, and his claims found timely under the continuing tort doctrine. As the Magistrate Judge recognized (R&R at 57), claims for Intentional Infliction of Emotional Distress "that allege a continuing pattern and practice of actionable behavior may invoke the continuing tort doctrine to provide an exemption from the statute of limitations where the 'last actionable act' of the alleged course of conduct falls within the statute of limitations." *Neufeld v. Neufeld*, 910 F. Supp. 977, 983 (S.D.N.Y. 1996); *see also Samtani v. Cherukuri*, No. 11-CV-2159 (CBA) (RER), 2012 U.S. Dist. LEXIS 70010, *3 (E.D.N.Y. May 18, 2012); *Geiger v. E.I. DuPont de Nemours & Co.*, 1997 U.S. Dist. LEXIS 2049 (S.D.N.Y. Feb. 14, 1997); *Bonner v. Guccione*, 916 F. Supp. 271, 278 (S.D.N.Y. 1996).

Here, Barone alleges a continuing tort because he alleges, as a basis for his claims for intentional infliction of emotional distress and *prima facie* tort, a deliberate pattern of outrageous and extreme misconduct by federal agents that continued at least through October 2009, when his indictment was returned, and thereafter until his acquittal. Barone alleges that federal agents including the agent-defendants *inter alia*:

- following the initial arrest in January 2009, forced Barone for their own pecuniary and personal interests, to make highly risky monitored telephone calls with dangerous organized crime figures under threat of prosecution of false, "trumped up" charges and the disclosure of Barone's status of a confidential informant (AC ¶¶ 37, 38, 105);

- thereafter, as part of coordinated scheme to punish Barone for his refusal to jeopardize his own life, wrongfully leaked Barone's name and status as a Confidential Informant to the press and public, placing him and his loved ones in imminent danger (AC ¶¶ 42, 61, 105);

- thereafter, as part of the same scheme to punish Barone, wrongfully caused Barone to placed in the Special Housing Unit and continuously, wrongfully held there past October 2009, the date his indictment was returned, until July 2010 on the pretense that his life was in danger because of the information the federal agents had, themselves, wrongfully disclosed to the press prior to Barone's indictment (AC ¶¶ 42, 62, 76, 85, 87, 90, 105);

- caused a criminal action to be commenced and maintained based on false and misleading evidence, withheld highly exculpatory evidence from prosecutors, offered false and misleading testimony, and paid witnesses to offer false misleading testimony against Barone. (AC ¶¶ 63, 64, 105).

In sum, the federal agents are alleged to have caused Barone severe emotional distress and other physical and economic injuries by actively participating in a continuous and coordinated scheme to persecute him, expose him and his loved ones to serious physical harm and to unjustifiably punish him, *at least* until the date Barone's indictment was returned in October 2009, and thereafter until the criminal trial while Barone was still unlawfully detained in the SHU. Barone timely presented administrative notice of his FTCA claims within two years of that date, on June 6, 2011, and commenced this action within six months of the time the agencies were required to respond, but never did. Therefore Barone's Second and Fourth Causes of Action for Intentional Infliction of Emotional Distress and Prima Facie tort, respectively, were timely filed under 28 U.S.C. § 2401(b); *see Kwai Fun Wong*, 135 S. Ct. at 1638. The Magistrate Judge therefore erred in recommending dismissal of these claims.

## CONCLUSION

For these reasons, Barone respectfully requests that the Court adopt the R&R except for those portions of the R&R recommending dismissal of the Second, Third and Fourth Causes of Action against the United States under the FTCA for intentional infliction of emotional distress, negligent infliction of emotional distress, and prima facie tort, respectively, and grant such other and further relief as the Court deems just and proper.

Dated: December 14, 2015

        HERZFELD & RUBIN, P.C.
        *Attorneys for Plaintiff,*
        *Joseph S. Barone*

        /s/ Mark A. Weissman
        Mark A. Weissman
        Lawton W. Squires
        125 Broad Street
        New York, New York 10004
        Tel: (212) 471-8500
        Fax: (212) 344-3333