UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH S. BARONE,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA, and SPECIAL AGENTS MICHAEL GAETA, GREGORY MICELI, and MICHAEL TROMBETTA, in their official capacities and in their individual capacities,<br><br>        Defendants. | 12 Civ. 4103 (LAK) (AJP) |

**RESPONSES TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE MICHAEL H. DOLINGER**

 

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Defendants
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2774
Facsimile: (212) 637-2702

REBECCA S. TINIO
Assistant United States Attorney
Of Counsel

Preet Bharara, United States Attorney for the Southern District of New York, on behalf of defendants the United States of America and Special Agents Michael Gaeta, Gregorio Miceli, and Michael Trombetta (in their official and individual capacities)[1], respectfully submits these responses to Plaintiff's objections to the Report and Recommendation of Magistrate Judge Michael H. Dolinger dated October 29, 2015 (*see* Dkt. Nos. 72, 74).  Specifically, Plaintiff objects to Judge Dolinger's recommendations that the second, third, and fourth causes of action in the Amended Complaint, which assert claims for intentional and negligent infliction of emotional distress and *prima facie* tort, be dismissed.  These objections lack merit.  Judge Dolinger correctly recommended that the claim for negligent infliction of emotional distress be dismissed because it is precluded by the discretionary function exception to the Federal Tort Claims Act, and that the claims for *prima facie* tort and intentional infliction of emotional distress be dismissed as time-barred.  In addition, the Amended Complaint fails to state a claim as to any of these three torts.

## ARGUMENT

**1. Judge Dolinger Correctly Recommended Dismissal of the Negligent Infliction of Emotional Distress Claim**

First, Judge Dolinger correctly recommended dismissal of the third cause of action in the Amended Complaint, which purports to assert a claim for negligent infliction of emotional distress.  *See* Dkt. No. 72 ("Second R&R") at 46-49.  This cause of action alleges that the United States owed a duty to Plaintiff to keep secret his identity as an FBI informant, but negligently[2]

---

[1] Defendants Michael Gaeta and Gregorio Miceli are erroneously named in the Amended Complaint as "Michael Gatea" and "Gregory Miceli."

[2] As Judge Dolinger observed, the Amended Complaint nonsensically suggests, in the alternative, that Defendants' conduct relevant to this negligence claim was actually intentional. *See* Dkt. No. 51 ("Am. Compl.") ¶ 115; Second R&R at 48-49.  Judge Dolinger noted, and Plaintiff does not dispute in his objections, that if this claim were premised on intentional

exposed that identity "by commencing a sensationalized criminal trial against [Plaintiff] without probable cause and based on false or misleading evidence and testimony." See Dkt. No. 51 ("Am. Compl.") ¶¶ 114-15.

Judge Dolinger's recommendation as to this claim was principally premised on the fact that it relies on a subset of the very same allegations underlying Plaintiff's tort claim for malicious prosecution. See Second R&R at 47-48; see also Am. Compl. ¶¶ 93-103 (paragraphs alleging malicious prosecution tort claim, asserting that Defendants "maliciously initiated and continued a criminal proceeding against Plaintiff, in bad faith and without probable cause" and that the indictment was procured by misconduct including "false or misleading testimony"); id. ¶ 115 (negligent infliction of emotional distress claim, alleging that Defendants commenced a criminal trial against Plaintiff "without probable cause and based on false or misleading evidence and testimony"). The third cause of action identifies no other underlying factual allegations aside from Defendants' supposed initiation of a malicious criminal prosecution against Plaintiff, but attempts to somehow recast those allegations under a negligence theory.[3] Judge Dolinger correctly pointed to his first Report and Recommendation in this matter (Dkt. No. 47) ("First

---

misconduct, it should be dismissed simply for the reason that "it would be duplicative of plaintiff's first claim (asserting malicious prosecution under the FTCA)." Second R&R at 48-49; see also, e.g., Rubio v. County of Suffolk, No. 01-CV-1806 (TCP), 2007 WL 2993830, at *5 (E.D.N.Y. Oct. 9, 2007) (dismissing intentional infliction of emotional distress claim as duplicative of false arrest and other tort claims). Moreover, the Amended Complaint also asserts a separate cause of action for intentional infliction of emotional distress, premised in part on the same conduct alleged in the third cause of action (Defendants' supposed leaks of Plaintiff's informant status). See Am. Compl. ¶ 105. Therefore, the Court need not consider a duplicative, alternate theory of "intentional" conduct in assessing this negligence claim.

[3] Indeed, courts routinely dismiss negligent infliction of emotional distress claims simply because they are duplicative of other tort claims. See, e.g., Deronette v. City of New York, No. 05 CV 5275 (SJ), 2007 WL 951925, at *5 (E.D.N.Y. Mar. 27, 2007) ("[A] claim for negligent infliction of emotional distress should be dismissed where the conduct for the underlying claim may be redressed by way of traditional tort remedies").

2

R&R"), which concluded, among other things, that a tort claim premised on a supposedly negligent prosecution is barred by the discretionary function exception to the Federal Tort Claims Act ("FTCA").  First R&R at 26-31 (citing cases); *Barone v. United States*, No. 12 Civ. 4103 (LAK), 2014 WL 4467780, at *11-12 (S.D.N.Y. Sept. 10, 2014).

In his objections to the Second R&R, Plaintiff does not challenge the holding in the First R&R that claims premised on negligent prosecution are barred by the discretionary function exception.[4]  *See* Dkt. No. 74 ("Pl. Obj.") at 3-5.  Rather, Plaintiff attempts to rewrite his third cause of action, contending that his negligence theory is actually "based on the agents' improper leaking of Barone's identity and status *prior to, and separate from*, the return of Barone's indictment in October 2009 and the commencement of the public criminal trial thereafter." *Id.* at 4.  This contention does not withstand scrutiny.  First, it is directly contradicted by the plain allegations of the third cause of action, which refer only to Defendants' supposed "commenc[ement of] a sensationalized criminal trial against" Plaintiff.  Am. Compl. ¶ 115.  Plaintiff attempts to draw in other paragraphs from the Amended Complaint to save his claim, *see* Pl. Obj. at 4, but those additional paragraphs also do not support his contention that the crux of the third cause of action is negligent pre-indictment leaks to the press.  Paragraph 76 of the Amended Complaint says nothing whatsoever about supposed leaks of Plaintiff's informant status; paragraphs 113 and 114 likewise allege no such supposed negligent pre-indictment leaks; and paragraphs 90 and 105 clearly allege intentional, not negligent, misconduct, as they are aimed at attempting to satisfy the malice element of malicious prosecution.  *See* Am. Compl. ¶¶ 76, 90, 105, 113-114.  Therefore, Plaintiff does nothing to rebut Judge Dolinger's conclusion that the negligent infliction of emotional distress claim merely duplicates and recharacterizes the

---

[4] Nor could Plaintiff do so at this point, as no party objected to the First R&R and it was adopted by the Court.  *See* Dkt. No. 48.

3

malicious prosecution tort claim as a negligence claim, which is precluded by the discretionary function doctrine.

Furthermore, although Judge Dolinger did not rely on this ground in his Second R&R, the Amended Complaint fails to state a claim for negligent infliction of emotional distress arising from Defendants' supposed leak of Plaintiff's informant status, and the third of cause of action may be dismissed for that additional and independent reason. *See* Dkt. No. 58 at 16-17 ("Def. MTD"); Dkt. No. 69 at 7-8 ("Def. MTD Reply"). Plaintiff attempts to allege this claim under the "direct duty" theory, whereby the plaintiff suffers an emotional injury from defendant's breach of a duty that unreasonably endangers his or her own physical safety. *See, e.g.*, *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996). The duty must be a "special duty" that is directed not to a class of people, like all confidential informants, "but rather must be specific to the particular plaintiff." *See St. John v. Rein Teen Tours, Inc.*, No. 99 Civ. 2537 (MBM), 2000 WL 977685, at *2 (S.D.N.Y. July 17, 2000). The Amended Complaint does not adequately allege facts that, even if assumed to be true, would satisfy these elements of a claim for negligent infliction of emotion distress. First, the Amended Complaint fails to identify *a single* supposedly improper leak of Plaintiff's informant status, but rather only alleges, in conclusory fashion and "on information and belief," that such leaks to the public and to the press occurred. *See, e.g.*, Am. Compl. ¶¶ 61, 90.[5] Moreover, the Amended Complaint does not adequately allege a "special duty" owed by Defendants specifically to Plaintiff, and Plaintiff cites no on-point authority for the proposition that the Government has a duty to perpetually keep secret the

---

[5] The only justification recognized in the case law for pleading facts "on information and belief"—that the facts are peculiarly within the control of the defendant, *see, e.g.*, *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008)—would not seem to apply to allegations referring to supposed leaks *to the public and the press*. *See* Dkt. No. 75 at 14-15 ("Def. Obj.").

4

identities of its confidential informants—particularly after a past informant has been indicted.[6] It is well established, after all, that the identities of confidential informants are subject only to a qualified privilege. *Roviaro v. United States*, 353 U.S. 53, 59-62 (1957). Furthermore, the Amended Complaint utterly fails to plead any resulting harm or "unreasonable" physical danger to Plaintiff, which must be an objective, actual endangerment, not a subjectively perceived one. *See St. John*, 2000 WL 977685, at *3. Indeed, Plaintiff insists elsewhere in the Amended Complaint that the Government should have touted his history as an informant *more*, both before the grand jury and publicly at trial, *see, e.g.*, Am. Compl. ¶¶ 70, 75, 81; *see also* Pl. Obj. at 7 (accusing Defendants of engaging in a "pretense" that Plaintiff would be in physical danger because of Defendants' leaks of his informant status). Therefore, Plaintiff fails to establish that the Amended Complaint sufficiently pleads facts that, if assumed to be true, would satisfy the elements of negligent infliction of emotional distress.

### 2. Judge Dolinger Correctly Recommended Dismissal of the Intentional Infliction of Emotional Distress and *Prima Facie* Tort Claims

Second, Judge Dolinger correctly recommended dismissal of the second and fourth causes of action in the Amended Complaint, which assert intentional infliction of emotional distress and *prima facie* tort, respectively. *See* Second R&R at 54-58. These two claims rely on identical alleged conduct, which also underlies the other claims in the Amended Complaint: (1)

---

[6] Notably, the Amended Complaint attempts, simultaneously and inconsistently, to hold Defendants liable both for allegedly exposing Plaintiff, before his October 2009 indictment, to the general public as an informant, and also for supposedly *hiding* that status from, or at least downplaying that status to, prosecutors in the lead-up to the indictment. *See, e.g.*, Am. Compl. ¶ 64. Moreover, in connection with the allegation that Plaintiff was improperly confined in the Special Housing Unit ("SHU") of the Brooklyn Metropolitan Detention Center, Plaintiff refers to "the *pretense*" that the supposed leaks of his identity endangered his life. *See* Pl. Obj. at 7 (emphasis added); *see also, e.g.*, Am. Compl. ¶ 89 (alleging that any claimed concern for Plaintiff's "safety or wellbeing," which would have justified placing him in the SHU, was illegitimate). These stark, self-serving contradictions further undermine the plausibility of the allegations in the Amended Complaint.

5

the exposure, either through alleged leaks or pressure on Plaintiff, of Plaintiff's identity as an informant; (2) malicious prosecution; and (3) the supposedly improper detention of Plaintiff in the Special Housing Unit ("SHU") of the Metropolitan Detention Center in Brooklyn, New York. *See* Am. Compl. ¶¶ 105, 120.  As Judge Dolinger concluded, these claims are time-barred by the FTCA, under New York law. *See* Second R&R at 54-58; *see also* Def. MTD at 19-20 n.12.  The FTCA provides that a tort claimant must present an administrative claim "in writing to the appropriate Federal agency within two years after such claim accrues" and must commence suit "within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b); *see also* Second R&R at 55.[7]  The Amended Complaint states that Plaintiff was arrested on January 9, 2009 (Am. Compl. ¶ 2), and was confined in the SHU starting in May 2009 (*id.* ¶ 86), but Plaintiff did not submit an administrative claim to the appropriate agencies until June 6, 2011 (*id.* ¶ 7), more than two years after either of those accrual dates.[8]

---

[7] As Judge Dolinger observed, the fact that Plaintiff "commenced this action within six months of the time the agencies were required to respond, but never did," Pl. Obj. at 7, "cannot cure his apparent failure to satisfy the predicate requirement of having filed a written claim with the appropriate agency within two years of the accrual of the claim."  Second R&R at 55.

[8] Plaintiff is correct that the Supreme Court recently clarified that FTCA limitations periods are not jurisdictional, and that equitable tolling is available in an FTCA claim. *See* Pl. Obj. at 5 n.5; *United States v. Wong*, ___ U.S. ___, 135 S. Ct. 1625, 1638 (2015).  Post-*Wong*, the failure to adhere to FTCA limitations periods may still lead to dismissal pursuant to Rule 12(b)(6), and Defendants request that the Court consider the limitations issue accordingly, rather than under Rule 12(b)(1). *See, e.g.*, *Carelock v. United States*, No. 14-CV-3594 (RA), 2015 WL 5000816, at *5 (S.D.N.Y. Aug. 20, 2015).  Moreover, *Wong* did not change the federal law governing when an injury accrues, or the elements of equitable tolling. *See, e.g.*, *Lassic v. United States*, No. 14 Civ. 9959 (KBF), 2015 WL 5472946, at *3 n.2 (S.D.N.Y. Sept. 16, 2015) (holding, in a post-*Wong* case, that an "FTCA claim accrues from the time of injury unless the plaintiff would reasonably have had difficulty discerning the fact or cause of injury at the time it was inflicted, in which case the so-called diligence-discovery rule of accrual applies," and also that a litigant seeking to establish equitable tolling must show that he "has pursued his rights diligently but some extraordinary circumstances prevents him from meeting a deadline") (internal citations and quotation marks omitted).  The Court need not consider accrual or equitable tolling in light of

In objecting to Judge Dolinger's recommendations as to these two claims, Plaintiff relies solely on the theory that the allegations in the second and fourth causes of action should be found timely under the continuing tort doctrine. *See* Pl. Obj. at 6-7. Judge Dolinger assumed that this doctrine applied (although that is an open question in this Circuit with respect to FTCA claims, *see Syms v. Olin Corp.*, 408 F.3d 95, 108-10 (2d Cir. 2005)), but rejected Plaintiff's theory after examining the relevant state law and the allegations in the Amended Complaint. *See* Second R&R at 56-58. This recommendation was proper and should be adopted.

"The continuing violation doctrine is generally viewed with disfavor in the Second Circuit and should be applied only on a showing of compelling circumstances." *Bissinger v. City of New York*, Nos. 06 Civ. 2325 (WHP), 06 Civ. 2326 (WHP), 2007 WL 2826756, at *5 (S.D.N.Y. Sept. 24, 2007). As recognized in a case on which Plaintiff relies, a litigant seeking to invoke the doctrine must "set forth a continuing course of conduct with sufficient particularity to establish the existence of a continuing tort." *Neufeld v. Neufeld*, 910 F. Supp. 977, 983 (S.D.N.Y. 1996). Furthermore, each act alleged to be part of the continuing course of conduct must itself be actionable under the elements of the two torts, which are similar under New York law. *Id.* The state law tort of intentional infliction of emotional distress has four elements: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). Under New York law, there are four elements to a claim of *prima facie* tort: "(1) an intentional infliction of harm; (2) without excuse or justification and motivated solely by malice; (3) resulting special damages; (4) by an act that

---

*Wong*, however; in his objections, Plaintiff does not contend that his claims initially accrued within two years of June 6, 2011, or that he deserves the benefit of equitable tolling (nor are there any allegations in the Amended Complaint that would support those arguments). *See* Pl. Obj.; Am. Compl.

7

would otherwise be lawful." *United States for Use and Benefit of Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 161 (2d Cir. 1996); *see also* Def. MTD at 18.

The Amended Complaint does not sufficiently allege facts that, if assumed to be true, would make out a continuing course of conduct that is "extreme and outrageous" or a malicious "intentional infliction of harm" that resulted in special damages. *See Bender*, 78 F.3d at 790; *Evergreen Pipeline*, 95 F.3d at 161. Plaintiff is doomed by the vague, conclusory, non-specific nature of all of the contentions in the Amended Complaint, which fall well short of alleging "with sufficient particularity" such a course of conduct. Strikingly, of the twelve paragraphs in the Amended Complaint that Plaintiff cites in support of his "continuing tort doctrine" argument, *see* Pl. Obj. at 6-7, *not one* alleges a particular act of misconduct that occurred on any specific date or dates, much less on a date within two years of the filing of his administrative claim.[9] In short, the Amended Complaint utterly fails to allege facts that, if assumed to be true, would adequately plead a continuing course of conduct meeting the elements of *prima facie* tort or intentional infliction of emotional distress, therefore rendering those claims timely pursuant to the continuing tort doctrine.

Indeed, even if these claims were timely, which they are not, they should still be dismissed pursuant to Rule 12(b)(6), because the Amended Complaint fails to adequately plead *any* occurrence of *prima facie* tort or intentional infliction of emotional distress. *See* Def. MTD at 18-19; Def. MTD Reply at 6-8. As noted in Defendants' reply brief in support of their motion to dismiss the Amended Complaint, the requirements of intentional infliction of emotional

---

[9] Paragraphs 63, 64, and 76 refer to the empaneling of the grand jury and the return of the indictment, *see* Am. Compl. ¶¶ 63-64, 76, but are, therefore, entirely duplicative of the malicious prosecution tort claim; Judge Dolinger observed that such duplicative claims "would be appropriately dismissed." *See supra* n. 2; Second R&R at 48-49.

8

distress are "rigorous[] and difficult to satisfy," *Cruz v. HSBC Bank USA, N.A.*, 586 Fed. Appx. 723, 725-26 (2d Cir. 2014); "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citations and internal quotation marks omitted); *see also* Def. MTD Reply at 6-7.  The allegations in the Amended Complaint, even if assumed to be true, are far too vague to meet this standard.  For example, the allegations relating to "intent to cause severe emotional distress" and Plaintiff's supposed "severe emotional distress," *see Bender*, 78 F.3d at 790, are highly conclusory.

       The Amended Complaint similarly fails to plead the elements of *prima facie* tort.  For example, Plaintiff fails to allege, as required, that Defendants acted "with the sole intent to harm" Plaintiff.  *See, e.g.*, *Twin Labs., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 571 (2d Cir. 1990).  The touchstone of this element is "disinterested malevolence," *id.*, and other motives, "such as profit [or] self-interest," will defeat the claim.  *Id.*  The Amended Complaint, in fact, repeatedly alleges that the individual Defendants supposedly acted "for their own personal benefit," *see, e.g.*, Am. Compl. ¶¶ 36-37, so the allegations of the Amended Complaint itself doom the *prima facie* tort claim to failure.  In addition, the Amended Complaint completely fails to plead "special damages," which "must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts." *Goodfellow v. Allstate Indem. Co.*, No. 14-CV-642S, 2014 WL 7384239, at *3-4 (W.D.N.Y. Dec. 29, 2014); *see also, e.g.*, *Massre v. Bibiyan*, No. 12 Civ. 6615 (KPF), 2014 WL 2722849, at *7 (S.D.N.Y. June 16, 2014).  For these reasons, the Court can and should dismiss the second and fourth causes of action for the additional and independent reason that they fail to state a claim pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court should adopt Judge Dolinger's recommendations to dismiss the second, third, and fourth causes of action in the Amended Complaint.

Dated: New York, New York
       January 8, 2016

                              Respectfully submitted,

                              PREET BHARARA
                              *United States Attorney for the*
                              *Southern District of New York*
                              *Attorney for Defendants*

By:    /s/ *Rebecca S. Tinio*
           REBECCA S. TINIO
           Assistant United States Attorney
           86 Chambers Street, 3rd Floor
           New York, New York 10007
           Telephone: (212) 637-2774
           Facsimile: (212) 637-2702
           E-mail: rebecca.tinio@usdoj.gov